# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GAYLIN ROSE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:18-CV-197-JTM-JEM |
| | ) |
| BIRCH TREE HOLDINGS, LLC and | ) |
| JOSHUA AYRES, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Quash Subpoena Duces Tecum [DE 22], filed by non-party Town of Flora, on September 27, 2018, a Motion to Intervene [DE 34], filed by non-party Damien Lee Davis on November 15, 2018, and Plaintiffs' Motion for Leave to File Amend Complaint and Memorandum of Law in Support [DE 35], filed by Plaintiff Gaylin Rose on November 15, 2018. The Town of Flora seeks to quash a subpoena issued by Defendants. Defendants Birch Tree Holdings, LLC and Joshua Ayres filed a response to the Town's motion on October 5, 2018, and on October 12, 2018, Plaintiff filed a reply.

Non-party Damien Davis seeks leave to join the action as an intervenor Defendant, and Plaintiff responded to Davis's motion on November 26, 2018. Plaintiff seeks to amend the complaint to add additional parties and a product liability claim. No party has responded to Plaintiff's Motion and the time to do so has passed.

## I. Background

Defendant Birch Tree Holdings owned an apartment in Flora, Indiana, leased by Plaintiff. On the night of November 20-21, 2016, the apartment caught fire, killing Plaintiff's four children. Plaintiff brought negligence and wrongful death claims against Defendants. Defendants issued a subpoena to the Flora Fire Department, seeking "[a]ny and all investigative materials" concerning

the fire. The Town seeks to quash the subpoena, arguing that the documents sought are covered by the law enforcement investigative privilege because a criminal investigation into the matter is ongoing. Defendants argues that quashing the subpoena would result in "manifest injustice," because the information requested in the criminal investigation would reveal the identity of another culpable party, which would affect their potential liability under the Indiana Comparative Fault Act.

Plaintiff seeks to amend her complaint to add an alleged corporate representative of Birch Tree Holdings as a party, add a product liability claim against Sears and Whirlpool, and join the fathers of the deceased children as defendants as required by Indiana's wrongful death statute. Before Plaintiff filed her motion, Damien Davis, one of the fathers named in Plaintiff's proposed amended complaint, filed a motion to intervene as a defendant. Plaintiff argues that the text of Indiana's wrongful death statute requires that Davis be named as a defendant by Plaintiff, rather than an intervenor defendant. Plaintiff also asks the Court to disqualify counsel for Davis, because they previously represented Plaintiff in this matter.

## II. Analysis

### A. The Town's Motion to Quash

The Town seeks to quash the subpoena issued to it by Defendants, which seeks in relevant part "[a]ny and all investigative materials" pertaining to the fire. "The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002). The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the Court "must quash or modify a subpoena that .

2

. . requires a disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A). The Town asserts the law enforcement investigatory privilege, which is "a common law privilege protecting civil as well as criminal law enforcement investigatory files." *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443-44 (S.D. Ind. 2003). "The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dept. of Investigation of City of New York*, 856 F.2d 481, 485 (2d Cir.1988). The privilege "is not absolute, [and] can be overridden in appropriate cases by the need for the privileged materials." *Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). Courts consider ten factors in balancing the public interest in protecting investigations against the interests of civil litigants:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;
>
> (2) the impact upon persons who have given information of having their identities disclosed;
>
> (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;
>
> (4) whether the information sought is factual data or evaluative summary;
>
> (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;
>
> (6) whether the investigation has been completed;
>
> (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;
>
> (8) whether the plaintiff's suit is nonfrivolous and brought in good faith;
>
> (9) whether the information sought is available through other discovery or from other sources; and

(10) the importance of the information sought to the plaintiff's case.

*Jones*, 216 F.R.D. at 444-45 (citing *Tuite v. Henry*, 181 F.R.D. 175, 177 (D.D.C.1998)). The Court has "considerable leeway" in weighing these factors. *Id*. There is a "strong presumption" against lifting the privilege. *Dellwood Farms*, 128 F.3d at 1125.

Although the parties addressed many of the relevant factors in their briefs, the Town provides almost no detail relating to the ongoing investigation, other than that it is "active." For example, with regard to Factors 1 and 2, the Town argues that disclosure of the details of an investigation could expose witnesses to pressure to change their accounts, but offers no evidence why there would be witness intimidation in this case beyond that general statement. Because the Town essentially provides no evidence or argument as to Factors 1, 2, 3, 4, 5, and 7, those factors appear to weigh in favor of lifting the privilege.

The Town argues that, although it was involved in the early stages of the investigation, it was "removed" from the investigation by the state police, and therefore only the state police are in a position to determine which items are appropriate for disclosure. The Town clarified that the documents in its possession consist of recorded interviews with Flora Fire Department personnel, the fire department's written report, and the police department's dispatch sheet, all of which it provided to the state police. Because the investigation is ongoing, and because the information sought is available from other sources, Factors 6 and 9 weigh against lifting the privilege as to information in the Town's possession.

The Court agrees that, given that the Town's understanding of the investigation is apparently limited, the Town should not be compelled to disclose potentially privileged matter that may compromise the criminal investigation. Given the "strong" presumption in favor of maintaining the

privilege, the documents identified by the Town should be sought from the Indiana State Police, the entity that is apparently controlling the investigation and competent to articulate the basis for the privilege.

In the alternative, Defendants argue that the case should be stayed until the criminal investigation is completed, "allowing them to name the arsonist as a 'non-party'." Defendants argue that identifying the non-party would limit their potential liability under the Indiana Comparative Fault Act. Although Defendants cite no legal authority to support a stay, a civil case can be stayed under "special circumstances," to avoid "substantial and irreparable prejudice." *United States v. Certain Real Property, Commonly Known as 6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991) (citing *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)); *see also Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005), *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002) (listing factors to consider in deciding whether to grant a stay). In this case, although an investigation is ongoing, there is no basis to assume that an "arsonist," or any other culpable party, would be identified within the potentially privileged material. If Defendants develop evidence that a culpable party would be identified, or some other basis for a stay, they may file a properly-supported motion.

B.   Plaintiff's Motion to Amend

Plaintiff seeks to amend her complaint to add new claims and parties. Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182

5

(1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Plaintiff seeks to add a product liability claim regarding the alleged cause of the fire, and add the following as defendants: Sears Roebuck and Co., Whirlpool Corporation, Troy Helderman (an alleged representative of Birch Tree Holdings), and the fathers of the deceased children (Damien

6

Davis, Jerrel C. McDonald, Sr., Daniel Travis, and Stacey Phillips). Indiana law provides that an action for wrongful death of a child may be maintained by "the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest." Ind. Code § 34-23-2-1(c)(1). No party has objected to the Motion, there does not appear to be any undue delay on behalf of Plaintiff, and no defendant will suffer undue prejudice by virtue of allowing the proposed Amended Complaint. The rights to relief asserted arise out of the same occurrence, the fire, as those in the original Complaint. Accordingly, Plaintiff will be permitted to amend the Complaint.

C. Davis's Motion to Intervene

Before Plaintiff filed her motion to amend, Damien Davis, one of the fathers named in the proposed amended complaint, filed a Motion to Intervene. Because the Court will grant Plaintiff's motion to amend, and because the applicable statute provides for a wrongful death action maintained by "either parent . . . by naming the other parent as a codefendant to answer as to his or her interest," Ind. Code § 34-23-2-1(c)(1), Davis's motion to appear as an intervenor defendant is moot.

D. Plaintiff's Request to Disqualify Counsel for Davis

In her response to Davis's motion, Plaintiff asks that the Court strike the appearance filed by counsel for Davis, Paul Kruse, and disqualify Attorney Kruse and his firm, Parr Richey Frandsen Patterson Kruse. Attorney Kruse and his firm previously represented Plaintiff in this action, including making a settlement offer on Plaintiff's behalf on June 23, 2017. Attorneys practicing in this Court are governed by the Indiana Rules of Professional Conduct. N. D. Ind. L.R. 83-5(e). Under those rules, "[a] lawyer who has formerly represented a client in a matter shall not thereafter

7

represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Ind. R. Prof. Cond. 1.9(a). Plaintiff indicates that she did not consent to Attorney Kruse or his firm representing Davis, who will now be a defendant in this action. Although Davis did not reply to Plaintiff's response to his motion, Plaintiff attached correspondence from Attorney Kruse indicating that he "was not aware" that Plaintiff objected to his involvement, and that he planned to withdraw after Davis retained another attorney.

No further delay is appropriate. By appearing for a would-be defendant in the identical action in which they represented the plaintiff, Attorney Kruse and his firm created an obvious conflict of interest warranting immediate disqualification. *See also United States v. Law*, No. 2:14-CR-04-JVB-JEM, 2016 WL 2605031, at *5 (N.D. Ind. May 6, 2016), reconsideration denied, No. 2:14-CR-04-JVB-JEM, 2016 WL 3610860 (N.D. Ind. July 6, 2016) (explaining that Indiana Rule of Professional Conduct 1.9(a) is an "imperative, not a permissive, rule"); *ValuePart, Inc. v. Clements*, No. 06 C 2709, 2006 WL 2252541, at *3 (N.D. Ill. Aug. 2, 2006) (explaining that once a client entrusts a lawyer, the lawyer "cannot now breach that confidentiality" by representing another party in the same dispute).

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion to Quash Subpoena Duces Tecum [DE 22] and **QUASHES** the subpoena issued by Defendants to the Flora Fire Department. The Court **DENIES as moot** the Motion to Intervene [DE 34] and **GRANTS** Plaintiffs' Motion for Leave to File Amend Complaint and Memorandum of Law in Support [DE 35]. The Court **ORDERS** Plaintiff to file the Amended Complaint, currently on the docket as an attachment to the

8

instant Motion, on or before **December 18, 2018**.

The Court **ORDERS** that Attorney Paul S. Kruse, and the law firm of Parr Richey Frandsen Patterson Kruse, be disqualified from any further involvement in this matter, and **DIRECTS** the Clerk of Court to terminate the appearance of Attorney Paul Kruse as attorney of record for Movant Damien Lee Davis on the docket for this case.

SO ORDERED this 11th day of December, 2018.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:     All counsel of record