## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| GAYLIN ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO.  2:18-cv-00197-JTM-JEM** |
| | ) | |
| BIRCH TREE HOLDINGS, LLC, | ) | |
| JOSHUA AYRES, TROY HELDERMAN, | ) | |
| SEARS, ROEBUCK AND CO., | ) | |
| WHIRLPOOL CORPORATION, | ) | |
| DAMIEN DAVIS, | ) | |
| JERREL C. MCDONALD, SR., | ) | |
| DANIEL TRAVIS, and | ) | |
| STACEY PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO AMENDED COMPLAINT (OF DEFENDANTS BIRCH TREE HOLDINGS, LLC AND JOSHUA AYRES)

These Defendants, Birch Tree Holdings, LLC and Joshua Ayres, for their Answer to the "Amended Complaint For Damages", state:

### I. PARTIES

1.      That Plaintiff ROSE is a citizen of San Francisco, California.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 1 of Plaintiff's Amended Complaint (and, as such, deny them).**

2.      That Defendant BIRCH TREE is a corporate citizen of Indiana because it is incorporated in Indiana and has its principal place of business in Indiana.

**ANSWER:    It is admitted only that Defendant Birch Tree Holdings, LLC is an Indiana limited liability company with its principal place of business in Indiana. All remaining allegations (and inferences) are denied.**

3.      That Defendant AYRES is a citizen of Flora, Indiana.

**ANSWER:    It is admitted only that Defendant Joshua Ayres currently resides in Flora, Indiana. All remaining allegations (and inferences) are denied.**

4.      That Defendant AYRES is the registered agent of Defendant BIRCH TREE.

**ANSWER:    Admitted.**

5.      That Defendant HELDERMAN is a citizen of Indiana.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 5 of Plaintiff's Amended Complaint (and, as such, deny them).**

6.      That Defendant SEARS is a corporate citizen of New York and Illinois because it is incorporated in New York and has its principal place of business in Illinois.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 6 of Plaintiff's Amended Complaint (and, as such, deny them).**

7.      That Defendant WHIRLPOOL is a corporate citizen of Delaware and Michigan because it is incorporated in Delaware and has its principal place of business in Michigan.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 7 of Plaintiff's Amended Complaint (and, as such, deny them).**

8.      That Defendant DAVIS is a citizen of Missouri.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 8 of Plaintiff's Amended Complaint (and, as such, deny them).**

9.      That Defendant MCDONALD is a citizen of Missouri.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 9 of Plaintiff's Amended Complaint (and, as such, deny them).**

10.     That Defendant TRAVIS is a citizen of Missouri.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 10 of Plaintiff's Amended Complaint (and, as such, deny them).**

11.     That Defendant PHILLIPS is a citizen of Missouri.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 11 of Plaintiff's Amended Complaint (and, as such, deny them).**

12.     That at all times relevant and material to this cause of action, Defendants BIRCH TREE, AYRES, AND HELDERMAN were subject to the statutes, ordinances, regulations, policies, customs, and usage of the City of Flora, the State of Indiana, and the United States Government.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 12 of Plaintiff's Amended Complaint (and, as such, deny them).**

## II. JURISDICTION

13.    That jurisdiction is proper under 28 U.S. C. § 1332 because the parties are citizens and residents of different states and meet the required amount in controversy.

**ANSWER:    Denied.**

14.    That Plaintiff ROSE and corporate Defendant BIRCH TREE have citizenship of different states, namely California and Indiana.

**ANSWER:    These Defendants have insufficient information about Plaintiff's supposed citizenship and, accordingly, deny the allegations in paragraph 14 of Plaintiff's Amended Complaint.**

15.    That Plaintiff ROSE and Defendants AYRES and HELDERMAN are natural persons with citizenship of different states, namely Indiana and California.

**ANSWER:    These Defendants have insufficient information about Plaintiff's supposed citizenship and, accordingly, deny the allegations in paragraph 15 of Plaintiff's Amended Complaint.**

16.    That Plaintiff ROSE and corporate Defendant SEARS have citizenship of different states, namely California and Illinois and New York.

**ANSWER:    These Defendants have insufficient information about the supposed citizenship of Plaintiff and Defendant Sears and, accordingly, deny the allegations in paragraph 16 of Plaintiff's Amended Complaint.**

17.    That Plaintiff Rose and corporate Defendant WHIRLPOOL have citizenship of different states, namely California and Delaware and Michigan.

**ANSWER:    These Defendants have insufficient information about the supposed citizenship of Plaintiff and Defendant Whirlpool and, accordingly, deny the allegations in paragraph 17 of Plaintiff's Amended Complaint.**

18.    That Plaintiff ROSE and Defendants DAVIS, MCDONALD, TRAVIS, and PHILLIPS are natural persons with citizenship of different states, namely California and Missouri.

**ANSWER:    These Defendants have insufficient information about the supposed citizenship of Plaintiff and Defendants Davis, McDonald, Travis, and Phillips and, accordingly, deny the allegations in paragraph 18 of Plaintiff's Amended Complaint.**

19.    That the amount in controversy exceeds the sum of seventy-five thousand and one dollars ($75,001), exclusive of interest and costs.

**ANSWER:    Insufficient information and denied.**

### III. VENUE

20.    That venue lies in the United Stated District Court, Northern District of Indiana pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

**ANSWER:    These Defendants admit proper venue only.  All remaining allegations (and inferences) are denied.**

### IV. FACTUAL ALLEGATIONS

21.    That at all times relevant and material to this cause of action, ROSE was the biological mother and legal custodian of the four minor children KJP, KLD, KPW, and KDM.

**ANSWER:     These Defendants have insufficient information about the allegations set forth in paragraph 21 of Plaintiff's Amended Complaint (and, as such, deny them).**

22.     That PHILLIPS is the biological father of KJP; DAVIS is the biological father of KLD, TRAVIS is the biological father of KPW, and MCDONALD is the biological father of KDM.

**ANSWER:     These Defendants have insufficient information about the allegations set forth in paragraph 22 of Plaintiff's Amended Complaint (and, as such, deny them).**

23.     That at all times relevant and material to this cause of action, ROSE leased a two-bedroom, two-story apartment in the 100 block of East Columbia Street, commonly known as 103 E. Columbia Street, Flora, Indiana (hereinafter the "Property").

**ANSWER:     It is admitted only that Plaintiff rented property at 103 E. Columbia Street, Flora, Indiana (from Defendant Birch Tree). All remaining allegations (and inferences) are denied.**

24.     That at all times relevant and material to this cause of action, ROSE stayed in the Property with her four minor children KJP, KLD, KPW, and KDM.

**ANSWER:     These Defendants have insufficient information respecting the allegations set forth in paragraph 24 of Plaintiff's Amended Complaint (and, as such, deny them).**

25.     That at all times relevant and material to this cause of action, the Property was owned by BIRCH TREE and/or AYRES and/or HELDERMAN.

**ANSWER:     It is admitted only that the property located at 103 E. Columbia Street, Flora, Indiana was owned solely by Birch Tree Holdings, LLC (on November 21, 2016). All remaining allegations (and inferences) are denied.**

26. That at all times relevant and material to this cause of action, AYRES and/or HELDERMAN were members and/or agents of BIRCH TREE.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 26 of Plaintiff's Amended Complaint (and, as such, deny them).**

27.    That at all times relevant and material to this cause of action, AYRES, 220 South Willow Street, Flora Indiana was listed as the registered agent for BIRCH TREE.

**ANSWER:    It is admitted only that Defendant Joshua Ayres is the registered agent for Birch Tree Holdings, LLC. All remaining allegations (and inferences) are denied.**

28.    That at all times relevant and material to this cause of action, a SEARS Kenmore range appliance manufactured by WHIRLPOOL was installed at 220 South Willow Street, Flora Indiana.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 28 of Plaintiff's Amended Complaint (and, as such, deny them).**

29.    That at all times relevant and material to this cause of action, Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were the landlord for the Property.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Amended Complaint.**

30.    That at all times relevant and material to this cause of action, ROSE made bi-weekly rent payments for the Property to BIRCH TREE and/or AYRES and/or HELDERMAN.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 30 of Plaintiff's Amended Complaint.**

31.     That on November 21, 2016, ROSE's four minor children KJP, KLD, KPW, and KDM died inside the Property.

**ANSWER:     Insufficient information and denied.**

## V. CLAIMS

### COUNT I - NEGLIGENCE

32.     Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through thirty-one (31) above as if fully set forth herein and makes further allegations and statements as follows:

**ANSWER:     All prior responses are incorporated.**

33.     That from the time of ROSE's first possession of the Property, there were numerous defects with the Property, including a lack of working smoke detectors, nonfunctioning electrical outlets in the kitchen, a water leak in the kitchen ceiling, and problems with the range.

**ANSWER:     These Defendants deny the allegations set forth in paragraph 33 of Plaintiff's Amended Complaint.**

34.     That additional defects in the Property included nonfunctioning locks for the garage and back doors leading into the Property.

**ANSWER:     These Defendants deny the allegations set forth in paragraph 34 of Plaintiff's Amended Complaint.**

35.     That in July, August, and November 2016, ROSE complained about defect problems with the Property, to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN.

**ANSWER:     These Defendants deny the allegations set forth in paragraph 35 of Plaintiff's Amended Complaint.**

36.    That in July 2016, BIRCH TREE and/or AYRES and/or HELDERMAN attempted to repair the Property's non-functional electrical outlets, but the repair was unsuccessful, and other repairs were not attempted.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 36 of Plaintiff's Amended Complaint.**

37.    That in early November 2016, BIRCH TREE and/or AYRES and/or HELDERMAN attempted to repair the Property's kitchen ceiling leak, but the repair was unsuccessful, and other repairs were not attempted.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 37 of Plaintiff's Amended Complaint.**

38.    That on the evening of November 20, 2016, at some time prior to 11:00 p.m., ROSE and her four children KJP, KLD, KPW, and KDM went to bed and fell asleep inside the Property.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 38 of Plaintiff's Amended Complaint (and, as such, deny them).**

39.    That at the time they went to bed on November 20, 2016, the appliances in the Property were properly shut off and no candles were burning.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 39 of Plaintiff's Amended Complaint (and, as such, deny them).**

40.    That at approximately 3:30 a.m. on November 21, 2016, ROSE woke up to the smell of smoke in the property.

**ANSWER:** **These Defendants have insufficient information respecting the allegations set forth in paragraph 40 of Plaintiff's Amended Complaint (and, as such, deny them).**

41.     That at approximately 3:30 a.m. on November 21, 2016, the Property was on fire.

**ANSWER:** **These Defendants have insufficient information respecting the allegations set forth in paragraph 41 of Plaintiff's Amended Complaint (and, as such, deny them).**

42.     That upon waking up, ROSE exited her bedroom and attempted to travel up the stairs to locate her four minor children KJP, KLD, KPW, and KDM to assist them in exiting the Property.

**ANSWER:** **These Defendants have insufficient information respecting the allegations set forth in paragraph 42 of Plaintiff's Amended Complaint (and, as such, deny them).**

43.     That before ROSE reached her four minor children KJP, KLD, KPW, and KDM, the Property became overwhelmed with fire and smoke and ROSE exited the Property, seeking assistance.

**ANSWER:** **These Defendants have insufficient information respecting the allegations set forth in paragraph 43 of Plaintiff's Amended Complaint (and, as such, deny them).**

44.     That emergency fire and rescue arrived at the Property, however, they were unable to rescue ROSE's four minor children KJP, KLD, KPW, and KDM, who expired due to smoke inhalation.

**ANSWER:** **These Defendants have insufficient information respecting the allegations set forth in paragraph 44 of Plaintiff's Amended Complaint (and, as such, deny them).**

45.     That one smoke detector was found in the Property on the ground with no battery present.

**ANSWER:** **These Defendants have insufficient information respecting the allegations set forth in paragraph 45 of Plaintiff's Amended Complaint (and, as such, deny them).**

46.     That at all times relevant and material to this cause of action, Indiana Code 22-11-18-3.5 required the Property to have at least one functioning smoke detector installed in the immediate vicinity outside of each sleeping area and an additional smoke detector installed on the upper level of the Property.

**ANSWER:** **These Defendants have insufficient information respecting the allegations set forth in paragraph 46 of Plaintiff's Amended Complaint (and, as such, deny them).**

47.     That at all times relevant and material to this cause of action, Indiana Code 22-11-18-3.5 required the Defendants BIRCH TREE and/or AYRES and/or HELDERMAN to be responsible for installation, replacement, and repair of a required smoke detector.

**ANSWER:** **Denied.**

48.     That at all times relevant and material to this cause of action, Indiana Code 32-31-8-5 required the landlord to comply with all health and housing codes applicable to rental property.

**ANSWER:    These Defendants have insufficient information respecting the allegations set forth in paragraph 48 of Plaintiff's Amended Complaint (and, as such, deny them).**

49.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN violated safety regulations designed to save the lives of human beings.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 49 of Plaintiff's Amended Complaint.**

50.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN violated Indiana law in their failure to provide a safe and habitable Property.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 50 of Plaintiff's Amended Complaint.**

51.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were careless and negligent in their maintenance of the Property.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 51 of Plaintiff's Amended Complaint.**

52.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were landlords that breached the duty of care in their failure to provide sufficient safety mechanisms and doors that properly locked and were otherwise negligent.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 52 of Plaintiff's Amended Complaint.**

53.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were landlords that breached the statutory duty of installing, replacing, and repairing smoke detectors at each level of the Property and outside of each sleeping area.

**ANSWER:**    These Defendants deny the allegations set forth in paragraph 53 of **Plaintiff's Amended Complaint.**

54.    That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's negligent conduct, ROSE sustained personal injuries and damages.

**ANSWER:**    These Defendants deny the allegations set forth in paragraph 54 of **Plaintiff's Amended Complaint.**

55.    That as a result of the Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's failure to equip the Property with any functioning smoke detectors, ROSE's four minor children KJP, KLD, KPW, and KDM died from smoke inhalation.

**ANSWER:**    These Defendants deny the allegations set forth in paragraph 55 of **Plaintiff's Amended Complaint.**

56.    That ROSE has incurred medical and related expenses to lessen her pain and suffering.

**ANSWER:**    These Defendants deny the allegations set forth in paragraph 56 of **Plaintiff's Amended Complaint.**

**WHEREFORE**, these Defendants, Birch Tree Holdings, LLC and Joshua Ayres, by counsel, respectfully pray that the Plaintiff take nothing by way of her "Amended Complaint For Damages" (and for all other proper relief, including, but not limited to, the recovery of all costs and fees associated with the defense of this case).

<u>COUNT II - WRONGFUL DEATH-DEATH OF CHILDREN</u>

57.    Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through fifty-six (56) above as if fully set forth herein and makes further allegations and statements as follows:

**ANSWER:    All prior responses are incorporated.**

58.    That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE's four minor children KJP, KLD, KPW, and KDM died an untimely death.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 58 of Plaintiff's Amended Complaint.**

59.    That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE suffered the loss of the love and companionship all four children KJP, KLD, KPW, and KDM, the cost of their funeral and burial, and the reasonable cost of psychiatric and psychological counseling incurred and required by ROSE because of their deaths.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 59 of Plaintiff's Amended Complaint.**

60.    That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE lost all four of her children's love and companionship from their death on November 21, 2016, until the end of ROSE's life expectancy.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 60 of Plaintiff's Amended Complaint.**

61.    That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE will need psychiatric and psychological counseling from the time of all four children's death on November 21, 2016, until the end of ROSE's life expectancy.

**ANSWER:    These Defendants deny the allegations set forth in paragraph 61 of Plaintiff's Amended Complaint.**

**WHEREFORE**, these Defendants, Birch Tree Holdings, LLC and Joshua Ayres, by counsel, respectfully pray that the Plaintiff take nothing by way of her "Amended Complaint For

Damages" (and for all other proper relief, including, but not limited to, the recovery of all costs and fees associated with the defense of this case).

<u>COUNT III - PUNITIVE DAMAGES</u>

62.    Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through sixty-one (61) above as if fully set forth herein and makes further allegations and statements as follows:

**<u>ANSWER</u>:    All prior responses are incorporated.**

63.    That the unsafe condition of the Property, the lack of working smoke detectors, electrical issues, water leak, and non-locking doors, had specifically been brought to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's attention by ROSE upon her taking possession of the Property and more than two weeks before the fire that killed all four of her children.

**<u>ANSWER</u>:    These Defendants deny the allegations set forth in paragraph 63 of Plaintiff's Amended Complaint.**

64.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's knowing failure to rectify the unsafe condition of the Property while collecting rent from ROSE and leasing the Property to ROSE amounts to willful and wanton misconduct.

**<u>ANSWER</u>:    These Defendants deny the allegations set forth in paragraph 64 of Plaintiff's Amended Complaint.**

65.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN acted maliciously, fraudulently, oppressively, or with gross negligence toward ROSE, KJP, KLD, KPW, and KDM.

**ANSWER:** **These Defendants deny the allegations set forth in paragraph 65 of Plaintiff's Amended Complaint.**

66.     That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's knowing failure to rectify the unsafe condition of the Property while collecting rent from ROSE and leasing the Property to ROSE was not the result of a mistake of fact, an honest error of judgment, overzealousness, ordinary negligence, or other human failing.

**ANSWER:** **These Defendants deny the allegations set forth in paragraph 66 of Plaintiff's Amended Complaint.**

67.     That an award of punitive damages to ROSE is appropriate to punish, deter, and discourage Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's and other persons and companies from similar conduct in the future.

**ANSWER:** **These Defendants deny the allegations set forth in paragraph 67 of Plaintiff's Amended Complaint.**

**WHEREFORE**, these Defendants, Birch Tree Holdings, LLC and Joshua Ayres, by counsel, respectfully pray that the Plaintiff take nothing by way of her "Amended Complaint For Damages" (and for all other proper relief, including, but not limited to, the recovery of all costs and fees associated with the defense of this case).

<u>COUNT III – PRODUCT LIABILITY</u>

68.     Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through sixty-seven (67) above as if fully set forth herein and makes further allegations and statements as follows:

**ANSWER:** **All prior responses are incorporated.**

69.     ROSE claims that WHIRLPOOL failed to use reasonable care in selling, leasing, or otherwise putting the range appliance in the Property into the stream of commerce when it was in a defective condition unreasonably dangerous to users or consumers.

**ANSWER:    This pleading paragraph contains no allegations directed against these Defendants to which a response is required.  To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

70.     ROSE claims that SEARS failed to use reasonable care in designing and/or servicing the range appliance in the Property.

**ANSWER:    This pleading paragraph contains no allegations directed against these Defendants to which a response is required.  To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

71.     That WHIRLPOOL failed to use reasonable care in selling, leasing, or otherwise putting the range appliance in the Property into the stream of commerce when it was in a defective condition unreasonably dangerous to users or consumers, which caused the range appliance in the Property to be in a defective condition unreasonably dangerous to users or consumers.

**ANSWER:    This pleading paragraph contains no allegations directed against these Defendants to which a response is required.  To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

72.     That SEARS failed to use reasonable care in designing and/or servicing the range appliance in the Property, which caused the range appliance in the Property to be in a defective condition unreasonably dangerous to users or consumers.

**ANSWER:**  **This pleading paragraph contains no allegations directed against these Defendants to which a response is required.  To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

73.    That WHIRLPOOL and/or SEARS sold, leased, or otherwise put the range appliance in the Property into the stream of commerce.

**ANSWER:**  **This pleading paragraph contains no allegations directed against these Defendants to which a response is required.  To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

74.    That ROSE was a user or consumer of the range appliance in the Property and was in a class of persons WHIRLPOOL and/or SEARS should have reasonably expected to be subject to the harm caused by the defective condition.

**ANSWER:**  **This pleading paragraph contains no allegations directed against these Defendants to which a response is required.  To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

75.    That the range appliance in the Property was expected to and did reach ROSE without substantial alteration of the condition in which WHIRLPOOL and/or SEARS sold the range appliance in the Property.

**ANSWER:**  **This pleading paragraph contains no allegations directed against these Defendants to which a response is required.  To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

76.    That the defective condition of the range appliance in the Property was a responsible cause of physical harm to ROSE.

**ANSWER:** **This pleading paragraph contains no allegations directed against these Defendants to which a response is required. To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

77. That the injuries to ROSE and the deaths of KJP, KLD, KPW, and KDM would not have occurred without the conduct of WHIRLPOOL and/or SEARS.

**ANSWER:** **This pleading paragraph contains no allegations directed against these Defendants to which a response is required. To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

78. That the injuries to ROSE and the deaths of KJP, KLD, KPW, and KDM were a natural, probable, and foreseeable result of the conduct of WHIRLPOOL and/or SEARS.

**ANSWER:** **This pleading paragraph contains no allegations directed against these Defendants to which a response is required. To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

79. Due to the conduct of each of the defendants named herein, Plaintiff has sustained damages.

**ANSWER:** **This pleading paragraph contains no allegations directed against these Defendants to which a response is required. To the extent a response is required, these Defendant have insufficient information (and, therefore, must deny the allegations).**

**WHEREFORE**, these Defendants, Birch Tree Holdings, LLC and Joshua Ayres, by counsel, respectfully pray that the Plaintiff take nothing by way of her "Amended Complaint For Damages" (and for all other proper relief, including, but not limited to, the recovery of all costs and fees associated with the defense of this case).

## AFFIRMATIVE DEFENSES AND OTHER MATTERS OF AVOIDANCE

These Defendants, Birch Tree Holdings, LLC and Joshua Ayres, by counsel, and for their Affirmative Defenses and Other Matters Of Avoidance, state:

1.      The Plaintiff's "Amended Complaint For Damages" fails to state a claim upon which relief can be granted.  See FRCP 12(b)(6).

2.      All pleading allegations not otherwise addressed (including those in the "Wherefore" clause/"prayer for relief," now are hereby "denied").

3.      These Defendants rely upon the doctrine of "failure to mitigate" (by Plaintiff).

4.      No alleged breach of any supposed duty on the part of these Defendants.

5.      No act or omission of these Defendants "responsibly caused" the alleged injuries/damages/deaths of which the Plaintiff complains.

6.      No act or omission of these Defendants "responsibly caused" the alleged incident of which Plaintiff complains.

7.      The conduct of Plaintiff (which includes her own negligence, intentional actions and omissions, assumed/incurred risk, and failure to avoid injury and/or failure to mitigate the alleged damages) was the "responsible cause" of any supposed losses and, accordingly, the Plaintiff's claims are barred (and/or proportionately reduced).

8.      Plaintiff's comparative fault (including contributory negligence, incurred/assumed risk, and failure to mitigate) bars (or proportionately reduces) any theoretical recovery.

9.      These Defendants rely upon the "write-down" doctrine [as expressed in *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009) and *Patchett v. Lee*, 60 N.E.3d 1025 (2016)].

10.      In light of *Stanley* and *Patchett* there are issues concerning the supposed "reasonableness" and "necessity" of certain alleged healthcare treatment and costs.

11.     The Plaintiff received admissible "collateral source" benefits (or such payments have been made on her behalf).

12.     These Defendants are entitled to a "credit" and/or "set-off" for any and all payments made to (or on behalf of) the Plaintiff and/or her alleged minor children.

13.     These Defendants are entitled to a "set-off" for any government and/or private health insurance benefits paid to (or on behalf of) Plaintiff and/or her alleged minor children.

14.     Plaintiff is a "nonparty" to the claims of the children-decedents.  <u>See</u> I.C. § 34-6-2-88.

15.     The teachings of *Goodwin v. Yeakle's Sports Bar*, 62 N.E. 3d 384 (Ind. 2016), bar some or all of Plaintiff's claims.

16.     These Defendants give notice of their intent to rely upon all defenses permitted by the Indiana Comparative Fault Act (as well as those allowed under corresponding Indiana common and statutory law).

17.     These Defendants deny "liability" (and further dispute every allegation and inference of supposed "fault" [or other purported wrongful conduct]).

18.     Lack of supposed foreseeability (on the part of these Defendants).

19.     No basis for the alleged individual claims against Defendant Ayres.

20.     Plaintiff failed to comply Indiana Code § 34-23-2-1(c) and (d) which requires dismissal of the action.

21.     No basis for the imposition of "pre-judgment interest" (and the corresponding "prayer" must be stricken). *See* FRCP 12(f).

22.     Each applicable statute of limitations bars some (or all) of the alleged claims.

23. Any purported claim for "punitive damages" violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution, as well as numerous Articles and Sections of the Indiana Constitution.

24. There is no basis for the imposition of alleged "punitive damages" (against these Defendants).

25. Alternatively, these Defendants rely upon I.C. § 34-51-3-1 *et seq.*

26. To the extent these Defendants have not responded to any of the allegations contained in the "Amended Complaint For Damages", they now specifically deny them (including requests made in the "prayers for relief").

27. These Defendants lacked the requisite intent, culpability, scienter or *mens rea* (which the Plaintiff must prove by "clear and convincing" evidence [prior to prevailing on any supposed "punitive damages" claim]).

28. The underlying purpose for an award of "punitive damages" would not be served here (because Plaintiff was in violation of the law [i.e., cannabis usage hours before the alleged incident]).

29. Plaintiff cannot satisfy the "clear and convincing" standard (necessary to prove a "punitive damages" claim).

30. These Defendants rely upon any and all available "caps" and/or "limitations" (respecting the claim for purported "punitive damages").

31. Indiana rules respecting Estate administration and establishment may have been violated.

32. Federal subject matter jurisdiction may be lacking due to the absence of complete diversity (i.e., Indiana Estates, and other concerns). See FRCP 12(b)(1).

33.    The action must be dismissed per FRCP 12(B)(7).

34.    Indiana does not permit the recovery of punitive damages for alleged wrongful death claims.

35.    Bifurcation is required (due [in part] to #34).  <u>See</u> FRCP 42(b).

36.    The doctrine of *caveat lessee* may bar some (or all) of the alleged claims.

37.    These Defendants rely upon the doctrines of superseding and intervening cause.

38.    These Defendants rely upon the doctrines of waiver, laches, estoppel and unclean hands.

39.    Plaintiff failed to provide "notice".  <u>See</u> I.C. § 22-11-18-3.5(e)(2).

40.    Plaintiff violated I.C. §22-11-18-3.5(d)(3).

41.    Plaintiff violated other statutes and ordinances and regulations (including I.C. § 32-31-8-6(b)(1) and (2).

42.    These Defendants rely upon the doctrine of spoliation.

43.    Dennis Randle (formerly of the Indiana Department of Homeland Security) is hereby named as a "nonparty" (as that term is defined at I. C. § 34-6-2-88).

44.    The Indiana Department of Homeland Security (302 W Washington St, Indianapolis, IN 46204) is hereby named as a "nonparty" (as that term is defined at I. C. § 34-6-2-88).

45.     If a Co-Defendant settles or is otherwise dismissed (over "objection"), these Defendants reserve the right to seek "leave" to name the "dismissed co-defendant" as a "non-party".  <u>See</u> I.C. § 34-6-2-88; <u>see</u> <u>also</u> *Rausch v. Reinhold*, 716 N.E.2d 993 (Ind. Ct. App. 1999); and *Bowles v. Tatum*, 546 N.E.2d 1188 (Ind. 1989).

46.    There were superseding, intervening, and/or unanticipated acts by Plaintiff and others which were not foreseeable to these Defendants (and broke any theoretical causal connection).

47.    Sears and Sears Holdings is each named as a non-party respecting the claims pled against these Defendants.

48.    Whirlpool is named as a non-party respecting the claims pled against these Defendants.

49.    Damien Davis, Jerrell C. McDonald, Sr., Stacey Phillips, and Daniel Travis each is named as a non-party respecting the claims pled against these Defendants.

50.    Each affirmative defense/other matter/matter of avoidance is pled in the alternative (without prejudice to any other [including these Defendants' position of blamelessness]).

51.    These Defendants have listed the above points to apprise the Plaintiff of certain potentially applicable defenses/matters of avoidance. In so doing, these Defendants do not assume the burden of proving anything upon which the Plaintiff bears the "burden of proof" (under applicable Indiana and federal law and procedure).

**WHEREFORE**, these Defendants, Birch Tree Holdings, LLC and Joshua Ayres, by counsel, respectfully pray that the Plaintiff takes nothing by way of her "Amended Complaint For Damages" (and for all other proper relief, including, but not limited to, the recovery of all costs and fees associated with the defense of this case).

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, these Defendants demand trial by jury.

**WHEREFORE**, these Defendants, Birch Tree Holdings, LLC and Joshua Ayres, by counsel, respectfully pray that the Plaintiff take nothing by way of her "Amended Complaint For Damages" (and for all other proper relief, including, but not limited to, the recovery of all costs and fees associated with the defense of this case).

Respectfully submitted,

**HUNT SUEDHOFF KALAMAROS LLP**

*/s/ James J. Shea, Sr.*
James J. Shea, Sr., Atty. No. 2177-02
Scott L. Bunnell, Atty. No. 4092-98
Jeremy D. Lemon, Atty. No. 30731-45
803 South Calhoun Street, Suite 900
Fort Wayne, Indiana 46802
Telephone:    260/423-1311
Facsimile:    260/424-5396
Email:  jshea@hsk-law.com

**ATTORNEYS FOR DEFENDANTS,**
**BIRCH TREE HOLDINGS, LLC AND**
**JOSHUA AYRES**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

Nathanial Lee, Esq.
Faith E. Alvarez, Esq.
**LEE COSSELL CROWLEY, LLP**
151 North Delaware Street – Suite 1500
Indianapolis, IN  46204
*Attorneys for Plaintiff*

Galen A. Bradley, Esq.
**KIGHTLINGER & GRAY, LLP**
8001 Broadway – Suite 100
Merrillville, IN  46410
*Attorneys for Defendant, Troy Helderman*

David L. Taylor, Esq.
Misti Presnell DeVore, Esq.
**TAYLOR DEVORE, P.C.**
Keystone Office Park
3003 E. 98th Street, Suite 201
Indianapolis, IN 46280
*Attorneys for Non-Party,*
*Auto-Owners Insurance Company*

And, I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Sears Roebuck and Co
c/o CT Corporation System
150 W Market Street, Ste 800
Indianapolis, IN 46204

Whirlpool Corporation
c/o Corporation Service Co.
135 N Pennsylvania Street, Ste 1610
Indianapolis, IN 46204

Damien Davis
c/o Daniel Vinovich, Esq.
**HILBRICH LAW FIRM**
2637 45th Street
Highland, IN 46322

Jerrel C. McDonald, Sr.
71 Robinson Circle Drive
Saint Louis, MO 63136

Daniel Travis
5478 Hamilton Avenue
Saint Louis, MO 63136

Stacey Phillips
DOC ID 1301520
2727 Highway K
Bonne Terre, MO 63628

/s/ *James J. Shea, Sr.*
James J. Shea, Sr.