## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| GAYLIN ROSE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| BIRCH TREE HOLDINGS, LLC, | ) | Case No.: 2:18-CV-197-JTM-JEM |
| JOSHUA AYRES, TROY | ) | |
| HELDERMAN, SEARS ROEBUCK | ) | |
| AND CO., WHIRLPOOL | ) | |
| CORPORATION, DAMIEN | ) | |
| DAVIS, JERREL C. MCDONALD, | ) | |
| SR., DANIEL TRAVIS, and | ) | |
| STACEY PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, TROY HELDERMAN'S, ANSWER TO AMENDED COMPLAINT FOR DAMAGES

Come now the Defendant, Troy Helderman, by counsel, Galen A. Bradley of Kightlinger & Gray and for his Answer to Plaintiff's Amended Complaint for Damages state as follows:

### I.       PARTIES

1.       That Plaintiff ROSE is a citizen of California.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph one (1) of plaintiff's Amended Complaint and therefore denies same.**

2.       That Defendant BIRCH TREE is a corporate citizen of Indiana because it is incorporated in Indiana and has its principal place of business in Indiana.

**ANSWER:    This defendant admits that Birch Tree Holdings, LLC is an Indiana Limited Liability Company with its principal place of business in Indiana.  This defendant**

is without sufficient information as to the remaining allegations of paragraph two (2) of plaintiff's Amended Complaint.

3.    That Defendant AYRES is a citizen of Indiana.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph three (3) of plaintiff's Amended Complaint and therefore denies same.**

4.    That Defendant AYRES is the registered agent of Defendant BIRCH TREE.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph four (4) of plaintiff's Amended Complaint and therefore denies same.**

5.    That Defendant HELDERMAN is a citizen of Indiana.

**ANSWER:    Defendant admits the allegations contained in paragraph five (5) of plaintiff's Amended Complaint and therefore denies same.**

6.    That Defendant SEARS is a corporate citizen of New York and Illinois because it is incorporated in New York and has its principal place of business in Illinois.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph six (6) of plaintiff's Amended Complaint and therefore denies same.**

7.    That Defendant WHIRLPOOL is a corporate citizen of Delaware and Michigan because it is incorporated in Delaware and has its principal place of business in Michigan.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seven (7) of plaintiff's Amended Complaint and therefore denies same.**

8.    That Defendant DAVIS is a citizen of Missouri.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph eight (8) of plaintiff's Amended Complaint and therefore denies same.**

9.    That Defendant MCDONALD is a citizen of Missouri.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph nine (9) of plaintiff's Amended Complaint and therefore denies same.**

10.    That Defendant TRAVIS is a citizen of Missouri.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph ten (10) of plaintiff's Amended Complaint and therefore denies same.**

11.    That Defendant PHILLIPS is a citizen of Missouri.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph eleven (11) of plaintiff's Amended Complaint and therefore denies same.**

12.    That at all times relevant and material to this cause of action, Defendants BIRCH TREE, AYRES, and HELDERMAN were subject to the statutes, ordinances, regulations, policies, customs, and usage of the City of Flora, the State of Indiana, and the United States Government.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph twelve (12) of plaintiff's Amended Complaint and therefore denies same.**

## II.    JURISDICTION

13.    That jurisdiction is proper under 28 U.S. C. § 1332 because the parties are citizens and residents of different states and meet the required amount in controversy.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph thirteen (13) of plaintiff's Amended Complaint and therefore denies same.**

14.    That Plaintiff ROSE and corporate Defendant BIRCH TREE have citizenship of different states, namely California and Indiana.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph fourteen (14) of plaintiff's Amended Complaint and therefore denies same.**

15.    That Plaintiff ROSE and Defendants AYRES and HELDERMAN are natural persons with citizenship of different states, namely California and Indiana.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph fifteen (15) of plaintiff's Amended Complaint and therefore denies same.**

16.    That Plaintiff ROSE and corporate Defendant SEARS have citizenship of different states, namely California and Illinois and New York.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph sixteen (16) of plaintiff's Amended Complaint and therefore denies same.**

4

17.    That Plaintiff Rose and corporate Defendant WHIRLPOOL have citizenship of different states, namely California and Delaware and Michigan.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventeen (17) of plaintiff's Amended Complaint and therefore denies same.**

18.    That Plaintiff ROSE and Defendants DAVIS, MCDONALD, TRAVIS, and PHILLIPS are natural persons with citizenship of different states, namely California and Missouri.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph eighteen (18) of plaintiff's Amended Complaint and therefore denies same.**

19.    That the amount in controversy exceeds the sum of seventy-five thousand and one dollars ($75,001), exclusive of interest and costs.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph nineteen (19) of plaintiff's Amended Complaint and therefore denies same.**

### III. VENUE

20.    That venue lies in the United Stated District Court, Northern District of Indiana pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

**ANSWER:** **This defendant admits proper venue in the United States District Court, Northern District of Indiana. This defendant is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph twenty (20) of plaintiff's Amended Complaint and therefore denies same.**

## IV. FACTUAL ALLEGATIONS

21.    That at all times relevant and material to this cause of action, ROSE was the biological mother and legal custodian of the four minor children KJP, KLD, KPW, and KDM.

**ANSWER:** **Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph twenty-one (21) of plaintiff's Amended Complaint and therefore denies same.**

22.    That PHILLIPS is the biological father of KJP; DAVIS is the biological father of KLD, TRAVIS is the biological father of KPW, and MCDONALD is the biological father of KDM.

**ANSWER:** **Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph twenty-two (22) of plaintiff's Amended Complaint and therefore denies same.**

23.    That at all times relevant and material to this cause of action, ROSE leased a two-bedroom, two-story apartment in the 100 block of East Columbia Street, commonly known as 103 E. Columbia Street, Flora, Indiana (hereinafter the "Property").

**ANSWER:** **This defendant admits that the plaintiff leased property at 103 E. Columbia Street, Flora, Indiana. Defendant is without sufficient information as to the**

remaining allegations of paragraph twenty-three (23) of plaintiff's Amended Complaint and therefore denies same.

24.    That at all times relevant and material to this cause of action, ROSE stayed in the property with her four minor children KJP, KLD, KPW, and KDM.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph twenty-four (24) of plaintiff's Amended Complaint and therefore denies same.**

25.    That at all times relevant and material to this cause of action, the Property was owned by BIRCH TREE and/or AYRES and/or HELDERMAN.

**ANSWER:    This defendant denies that he owned the property in question. Further answering, this defendant admits that the property at 103 E. Columbia Street, Flora, IN was owned by Birch Tree Holdings, LLC.  This defendant is without sufficient information as to the remaining allegations of paragraph twenty-five (25) of plaintiff's Amended Complaint and therefore denies same.**

26.    That at all times relevant and material to this cause of action, AYRES and/or HELDERMAN were members and/or agents of BIRCH TREE.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph twenty-six (26) of plaintiff's Amended Complaint and therefore denies same.**

27.    That at all times relevant and material to this cause of action, AYRES, 220 South Willow Street, Flora Indiana was listed as the registered agent for BIRCH TREE.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph twenty-seven (27) of plaintiff's Amended Complaint and therefore denies same.**

28.    That at all times relevant and material to this cause of action, a SEARS Kenmore range appliance manufactured by WHIRLPOOL was installed at 220 South Willow Street, Flora Indiana.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph twenty-eight (28) of plaintiff's Amended Complaint and therefore denies same.**

29.    That at all times relevant and material to this cause of action, Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were the landlord for the Property.

**ANSWER:    This defendant denies the allegations contained in paragraph twenty-nine (29) of plaintiff's Amended Complaint and therefore denies same.**

30.    That at all times relevant and material to this cause of action, ROSE made bi-weekly rent payments for the Property to BIRCH TREE and/or AYRES and/or HELDERMAN.

**ANSWER:    Defendant denies the allegations contained in paragraph thirty (30) of plaintiff's Amended Complaint and therefore denies same.**

31.    That on November 21, 2016, ROSE's four minor children KJP, KLD, KPW, and KDM died inside the Property.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph thirty-one (31) of plaintiff's Amended Complaint and therefore denies same.**

## V. CLAIMS

## <u>COUNT I - NEGLIGENCE</u>

32.     Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through thirty-one (31) above as if fully set forth herein and makes further allegations and statements as follows:

**ANSWER:    Defendant realleges its answers to paragraphs 1-31 as if fully set forth herein.**

33.     That from the time of ROSE's first possession of the Property, there were numerous defects with the Property, including a lack of working smoke detectors, nonfunctioning electrical outlets in the kitchen, a water leak in the kitchen ceiling, and problems with the range.

**ANSWER:    Defendant denies the allegations contained in paragraph thirty-three (33) of plaintiff's Amended Complaint and therefore denies same.**

34.     That additional defects in the Property included nonfunctioning locks for the garage and back doors leading into the Property.

**ANSWER:    Defendant denies the allegations contained in paragraph thirty-four (34) of plaintiff's Amended Complaint and therefore denies same.**

35.     That in July, August, and November 2016, ROSE complained about defect problems with the Property to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN.

**ANSWER:    Defendant denies the allegations contained in paragraph thirty-five (35) of plaintiff's Amended Complaint and therefore denies same.**

36.    That in July 2016, BIRCH TREE and/or AYRES and/or HELDERMAN attempted to repair the Property's non-functional electrical outlets, but the repair was unsuccessful, and other repairs were not attempted.

**ANSWER:    Defendant denies the allegations contained in paragraph thirty-six (36) of plaintiff's Amended Complaint and therefore denies same.**

37.    That in early November 2016, BIRCH TREE and/or AYRES and/or HELDERMAN attempted to repair the Property's kitchen ceiling leak, but the repair was unsuccessful, and other repairs were not attempted.

**ANSWER:    Defendant denies the allegations contained in paragraph thirty-seven (37) of plaintiff's Amended Complaint and therefore denies same.**

38.    That on the evening of November 20, 2016, at some time prior to 11:00 p.m., ROSE and her four children KJP, KLD, KPW, and KDM went to bed and fell asleep inside the Property.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph thirty-eight (38) of plaintiff's Amended Complaint and therefore denies same.**

39.    That at the time they went to bed on November 20, 2016, the appliances in the Property were properly shut off and no candles were burning.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph thirty-nine (39) of plaintiff's Amended Complaint and therefore denies same.**

40.     That at approximately 3:30 a.m. on November 21, 2016, ROSE woke up to the smell of smoke in the property.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty (40) of plaintiff's Amended Complaint and therefore denies same.**

41.     That at approximately 3:30 a.m. on November 21, 2016, the Property was on fire.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty-one (41) of plaintiff's Amended Complaint and therefore denies same.**

42.     That upon waking up, ROSE exited her bedroom and attempted to travel up the stairs to locate her four minor children KJP, KLD, KPW, and KDM to assist them in exiting the Property.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty-two (42) of plaintiff's Amended Complaint and therefore denies same.**

43.     That before ROSE reached her four minor children KJP, KLD, KPW, and KDM, the Property became overwhelmed with fire and smoke and ROSE exited the Property, seeking assistance.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty-three (43) of plaintiff's Amended Complaint and therefore denies same.**

44.     That emergency fire and rescue arrived at the Property, however, they were unable to rescue ROSE's four minor children KJP, KLD, KPW, and KDM, who expired due to smoke inhalation.

**ANSWER:     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty-four (44) of plaintiff's Amended Complaint and therefore denies same.**

45.     That one smoke detector was found in the Property on the ground with no battery present.

**ANSWER:     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty-five (45) of plaintiff's Amended Complaint and therefore denies same.**

46.     That at all times relevant and material to this cause of action, Indiana Code 22-1118-3.5 required the Property to have at least one functioning smoke detector installed in the immediate vicinity outside of each sleeping area and an additional smoke detector installed on the upper level of the Property.

**ANSWER:     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty-six (46) of plaintiff's Amended Complaint and therefore denies same.**

47.     That at all times relevant and material to this cause of action, Indiana Code 22-1118-3.5 required Defendants BIRCH TREE and/or AYRES and/or HELDERMAN to be responsible for installation, replacement, and repair of a required smoke detector.

**ANSWER:     Defendant denies the allegations contained in paragraph forty-seven (47) of plaintiff's Amended Complaint and therefore denies same.**

48.     That at all times relevant and material to this cause of action, Indiana Code 32-318-5 required the landlord to comply with all health and housing codes applicable to rental property.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph forty-eight (48) of plaintiff's Amended Complaint and therefore denies same.**

49.     That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN violated safety regulations designed to save the lives of human beings.

**ANSWER:    Defendant denies the allegations contained in paragraph forty-nine (49) of plaintiff's Amended Complaint and therefore denies same.**

50.     That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN violated Indiana law in their failure to provide a safe and habitable Property.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty (50) of plaintiff's Amended Complaint and therefore denies same.**

51.     That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were careless and negligent in their maintenance of the Property.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty-one (51) of plaintiff's Amended Complaint and therefore denies same.**

52.     That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were landlords that breached the duty of care in their failure to provide sufficient safety mechanisms and doors that properly locked and were otherwise negligent.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty-two (52) of plaintiff's Amended Complaint and therefore denies same.**

53.     That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN were landlords that breached the statutory duty of installing, replacing, and repairing smoke detectors at each level of the Property and outside of each sleeping area.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty-three (53) of plaintiff's Amended Complaint and therefore denies same.**

54.     That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's negligent conduct, ROSE sustained personal injuries and damages.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty-four (54) of plaintiff's Amended Complaint and therefore denies same.**

55.     That as a result of the Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's failure to equip the Property with any functioning smoke detectors, ROSE's four minor children KJP, KLD, KPW, and KDM died from smoke inhalation.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty-five (55) of plaintiff's Amended Complaint and therefore denies same.**

56.     That ROSE has incurred medical and related expenses to lessen her pain and suffering.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty-six (56) of plaintiff's Amended Complaint and therefore denies same.**

WHEREFORE, Defendant, Troy Helderman, prays that plaintiff take nothing by her Amended Complaint, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

**KIGHTLINGER & GRAY, LLP**
Attorney for Defendant
By: _____
Galen A. Bradley
Attorney No. 18545-64

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

## COUNT II - WRONGFUL DEATH - DEATH OF CHILDREN

57.      Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through fifty-six (56) above as if fully set forth herein and makes further allegations and statements as follows:

**ANSWER:      Defendant realleges its answers to paragraphs 1-56 as if fully set forth herein.**

58.      That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE's four minor children KJP, KLD, KPW, and KDM died an untimely death.

**ANSWER:      Defendant denies the allegations contained in paragraph fifty-eight (58) of plaintiff's Amended Complaint and therefore denies same.**

59.      That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE suffered the loss of the love and companionship all four children KJP, KLD, KPW, and KDM, the cost of their funeral and burial, and the reasonable cost of psychiatric and psychological counseling incurred and required by ROSE because of their deaths.

**ANSWER:      Defendant denies the allegations contained in paragraph fifty-nine (59) of plaintiff's Amended Complaint and therefore denies same.**

60.      That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE lost all four of her children's love and companionship from their death on November 21, 2016, until the end of ROSE's life expectancy.

**ANSWER:      Defendant denies the allegations contained in paragraph sixty (60) of plaintiff's Amended Complaint and therefore denies same.**

61.    That due to Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's conduct, ROSE will need psychiatric and psychological counseling from the time of all four children's death on November 21, 2016, until the end of ROSE's life expectancy.

**ANSWER:    Defendant denies the allegations contained in paragraph sixty-one (61) of plaintiff's Amended Complaint and therefore denies same.**

WHEREFORE, Defendant, Troy Helderman, prays that plaintiff take nothing by her Amended Complaint, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

**KIGHTLINGER & GRAY, LLP**
Attorney for Defendant

By: _____
Galen A. Bradley
Attorney No. 18545-64

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

## COUNT III - PUNITIVE DAMAGES

62.    Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through sixty-one (61) above as if fully set forth herein and makes further allegations and statements as follows:

**ANSWER:    Defendant realleges its answers to paragraphs 1-61 as if fully set forth herein.**

63.    That the unsafe condition of the Property, the lack of working smoke detectors, electrical issues, water leak, and non-locking doors, had specifically been brought to Defendants

16

BIRCH TREE and/or AYRES and/or HELDERMAN's attention by ROSE upon her taking possession of the Property and more than two weeks before the fire that killed all four of her children.

**ANSWER:    Defendant denies the allegations contained in paragraph sixty-three (63) of plaintiff's Amended Complaint and therefore denies same.**

64.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's knowing failure to rectify the unsafe condition of the Property while collecting rent from ROSE and leasing the Property to ROSE amounts to willful and wanton misconduct.

**ANSWER:    Defendant denies the allegations contained in paragraph sixty-four (64) of plaintiff's Amended Complaint and therefore denies same.**

65.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN acted maliciously, fraudulently, oppressively, or with gross negligence toward ROSE, KJP, KLD, KPW, and KDM.

**ANSWER:    Defendant denies the allegations contained in paragraph sixty-five (65) of plaintiff's Amended Complaint and therefore denies same.**

66.    That Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's knowing failure to rectify the unsafe condition of the Property while collecting rent from ROSE and leasing the Property to ROSE was not the result of a mistake of fact, an honest error of judgment, overzealousness, ordinary negligence, or other human failing.

**ANSWER:    Defendant denies the allegations contained in paragraph sixty-six (66) of plaintiff's Amended Complaint and therefore denies same.**

67.    That an award of punitive damages to ROSE is appropriate to punish, deter, and discourage Defendants BIRCH TREE and/or AYRES and/or HELDERMAN's and other persons and companies from similar conduct in the future.

**ANSWER:    Defendant denies the allegations contained in paragraph sixty-seven (67) of plaintiff's Amended Complaint and therefore denies same.**

WHEREFORE, Defendant, Troy Helderman, prays that plaintiff take nothing by her Amended Complaint, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

**KIGHTLINGER & GRAY, LLP**
Attorney for Defendant

By: _____

Galen A. Bradley
Attorney No. 18545-64

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

## COUNT III — PRODUCT LIABILITY

68.    Plaintiff GAYLIN ROSE incorporates by reference rhetorical paragraphs one (1) through sixty-seven (67) above as if fully set forth herein and makes further allegations and statements as follows:

**ANSWER:    Defendant realleges its answers to paragraphs 1-67 as if fully set forth herein.**

69.    ROSE claims that WHIRLPOOL failed to use reasonable care in selling, leasing, or otherwise putting the range appliance in the Property into the stream of commerce when it was in a defective condition unreasonably dangerous to users or consumers.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph sixty-nine (69) of plaintiff's Amended Complaint and therefore denies same.**

18

70.    ROSE claims that SEARS failed to use reasonable care in designing and/or servicing the range appliance in the Property.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy (70) of plaintiff's Amended Complaint and therefore denies same.**

71.    That WHIRLPOOL failed to use reasonable care in selling, leasing, or otherwise putting the range appliance in the Property into the stream of commerce when it was in a defective condition unreasonably dangerous to users or consumers, which caused the range appliance in the Property to be in a defective condition unreasonably dangerous to users or consumers.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-one (71) of plaintiff's Amended Complaint and therefore denies same.**

72.    That SEARS failed to use reasonable care in designing and/or servicing the range appliance in the Property, which caused the range appliance in the Property to be in a defective condition unreasonably dangerous to users or consumers.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-two (72) of plaintiff's Amended Complaint and therefore denies same.**

73.    That WHIRLPOOL and/or SEARS sold, leased, or otherwise put the range appliance in the Property into the stream of commerce.

**ANSWER:    Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-three (73) of plaintiff's Amended Complaint and therefore denies same.**

74.     That ROSE was a user or consumer of the range appliance in the Property and was in a class of persons WHIRLPOOL and/or SEARS should have reasonably expected to be subject to the harm caused by the defective condition.

**ANSWER:     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-four (74) of plaintiff's Amended Complaint and therefore denies same.**

75.     That the range appliance in the Property was expected to and did reach ROSE without substantial alteration of the condition in which WHIRLPOOL and/or SEARS sold the range appliance in the Property.

**ANSWER:     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-five (75) of plaintiff's Amended Complaint and therefore denies same.**

76.     That the defective condition of the range appliance in the Property was a responsible cause of physical harm to ROSE.

**ANSWER:     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-six (76) of plaintiff's Amended Complaint and therefore denies same.**

77.     That the injuries to ROSE and the deaths of KJP, KLD, KPW, and KDM would not have occurred without the conduct of WHIRLPOOL and/or SEARS.

**ANSWER:     Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-seven (77) of plaintiff's Amended Complaint and therefore denies same.**

78.     That the injuries to ROSE and the deaths of KJP, KLD, KPW, and KDM were a natural, probable, and foreseeable result of the conduct of WHIRLPOOL and/or SEARS.

**ANSWER:   Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph seventy-eight (78) of plaintiff's Amended Complaint and therefore denies same.**

79.     Due to the conduct of each of the defendants named herein, Plaintiff has sustained damages.

**ANSWER:   Defendant denies the allegations contained in paragraph seventy-nine (79) of plaintiff's Amended Complaint and therefore denies same.**

WHEREFORE, Defendant, Troy Helderman, prays that plaintiff take nothing by her Amended Complaint, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

**KIGHTLINGER & GRAY, LLP**
Attorney for Defendant

By: _____
Galen A. Bradley
Attorney No. 18545-64

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

## AFFIRMATIVE DEFENSES

Defendant, Troy Helderman, for defenses to plaintiff's Amended Complaint, states:

1.     Any allegation not specifically admitted, controverted or denied previously in this Answer is now denied.

2.    The defendant asserts, as to the fault of the plaintiff, each and every applicable defense provided under the Indiana Comparative Fault Act.

3.    Defendant reserves the right to supplement and/or amend these defenses as discovery and investigation continue.

4.    That said defendant, and without waiving any of the foregoing, further alleges and says that this defendant is entitled to a set off of the amount of collateral source payments received by plaintiff as against any judgment entered in favor of the plaintiff stemming from the accident sued upon.

5.    That the plaintiff may have failed to mitigate his/her damages, if any.

6.    That said defendant alleges and says that plaintiff's amended complaint fails to state a claim against this defendant upon which relief can be granted.

7.    The plaintiff's acts/omissions may have been the proximate cause of the subject incident thereby barring or reducing the plaintiff's recovery accordingly.

8.    The plaintiff may have assumed/incurred the risk, thereby barring recovery.

9.    No alleged breach of any supposed duty on the part of the Defendants.

10.    No act or omission of the Defendants "responsibly caused" the alleged injuries/damages/deaths of which the Plaintiff complains.

11.    No act or omission of the Defendants "responsibly caused" the alleged incident of which Plaintiff complains.

12.    The conduct of Plaintiff (which includes her own negligence, intentional actions and omissions, assumed/incurred risk, and failure to avoid injury and/or failure to mitigate the alleged damages) was the "responsible cause" of any supposed losses and, accordingly, the Plaintiff's claims are barred (and/or proportionately reduced).

13.   Plaintiff's comparative fault (including contributory negligence, incurred/assumed risk, and failure to mitigate) bars (or proportionately reduces) any theoretical recovery.

14.   The Defendants rely upon the "write-down" doctrine [as expressed in *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009) and *Patchett v. Lee*, 60 N.E.3d 1025 (2016)].

15.   In light of *Stanley* and *Patchett* there are issues concerning the supposed "reasonableness" and "necessity" of certain alleged healthcare treatment and costs.

16.   The Plaintiff received admissible "collateral source" benefits (or such payments have been made on her behalf).

17.   The Defendants are entitled to a "credit" and/or "set-off" for any and all payments made to (or on behalf of) the Plaintiff and/or her alleged minor children.

18.   The Defendants are entitled to a "set-off" for any government and/or private health insurance benefits paid to (or on behalf of) Plaintiff and/or her alleged minor children.

19.   Plaintiff is a "nonparty" to the claims of the children-decedents. See I.C. § 34-62-88.

20.   The teachings of *Goodwin v. Yeakle's Sports Bar*, 62 N.E. 3d 384 (Ind. 2016), bar some or all of Plaintiff's claims.

21.   The Defendants deny "liability" (and further dispute every allegation and inference of supposed "fault" [or other purported wrongful conduct]).

22.   Lack of supposed foreseeability (on the part of the Defendants).

23.   No basis for the alleged individual claims against Defendant Ayres.

24.   The natural father of each of the minor-decedents must be made a party to this lawsuit (as each is an indispensable party). See I.C. § 34-23-2-1(c); FRCP 17 and 19.

25.    Plaintiff failed to comply Indiana Code § 34-23-2-1(c) and (d) which requires dismissal of the action.

26.    No basis for the imposition of "pre-judgment interest" (and the corresponding "prayer" must be stricken). *See* FRCP 12(f).

27.    Each applicable statute of limitations bars some (or all) of the alleged claims.

28.    Any purported claim for "punitive damages" violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution, as well as numerous Articles and Sections of the Indiana Constitution.

29.    There is no basis for the imposition of alleged "punitive damages" (against the Defendants).

30.    Alternatively, the Defendants rely upon I.C. § 34-51-3-1 *et seq.*

31.    The Defendants lacked the requisite intent, culpability, scienter or *mens rea* (which the Plaintiff must prove by "clear and convincing" evidence [prior to prevailing on any supposed "punitive damages" claim]).

32.    The underlying purpose for an award of "punitive damages" would not be served here (because Plaintiff was in violation of the law [i.e., cannabis usage hours before the alleged incident]).

33.    Plaintiff cannot satisfy the "clear and convincing" standard (necessary to prove a "punitive damages" claim).

34.    The Defendants rely upon any and all available "caps" and/or "limitations" (respecting the claim for purported "punitive damages").

35.    Indiana rules respecting Estate administration and establishment may have been violated.

36.     Federal subject matter jurisdiction may be lacking due to the absence of complete diversity (i.e., Indiana fathers, Indiana Estates, and other concerns). See FRCP 12(b)(1).

37.     The action must be dismissed per FRCP 12(B)(7).

38.     Indiana does not permit the recovery of punitive damages for alleged wrongful death claims.

39.     Bifurcation is required (due [in part] to #35). See FRCP 42(b).

40.     The doctrine of *caveat lessee* may bar some (or all) of the alleged claims.

41.     The Defendants rely upon the doctrines of superseding and intervening cause.

42.     The Defendants rely upon the doctrines of waiver, laches, estoppel and unclean hands.

43.     Plaintiff failed to provide "notice". See I.C. § 22-11-18-3.5(e)(2).

44.     Plaintiff violated I.C. §22-11-18-3.5(d)(3).

45.     Plaintiff violated other statutes and ordinances and regulations (including I.C. § 32-31-8-6(b)(1) and (2).

46.     The Defendants rely upon the doctrine of spoliation.

47.     There were superseding, intervening, and/or unanticipated acts by Plaintiff and others which were not foreseeable to the Defendants (and broke any theoretical causal connection).

48.     Each affirmative defense/other matter/matter of avoidance is pled in the alternative (without prejudice to any other [including the Defendants' position of blamelessness]).

49.     The Defendants have listed the above points to apprise the Plaintiff of certain potentially applicable defenses/matters of avoidance. In so doing, the Defendants do not assume

the burden of proving anything upon which the Plaintiff bears the "burden of proof" (under applicable Indiana and federal law and procedure).

50.    The plaintiff's claimed injuries and damages, if any, may have been proximately caused in full or in part by the fault of a "nonparty", which nonparty is The Indiana Department of Homeland Security, 302 West Washington Street, Indianapolis IN 46204.

51.    The plaintiff's claimed injuries and damages, if any, may have been proximately caused in full or in part by the fault of a "nonparty", which nonparty is Dennis Randle (formerly of the Indiana Department of Homeland Security).

52.    The plaintiff's claimed injuries and damages, if any, may have been proximately caused in full or in part by the fault of "nonparties", which nonparties are Damien Davis, Jerrell C. McDonald, Sr., Stacey Phillips and Daniel Travis.

WHEREFORE, Defendant, Troy Helderman, prays that plaintiff take nothing by her Amended Complaint, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

**KIGHTLINGER & GRAY, LLP**
Attorney for Defendant

By: _____
Galen A. Bradley
Attorney No. 18545-64

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Defendants demand trial by jury.

Respectfully submitted,

**KIGHTLINGER & GRAY, LLP**
Attorney for Defendant

By: _____
Galen A. Bradley
Attorney No. 18545-64

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

## Certificate of Service

    I certify that on *1-7-19*, I filed the foregoing document/pleading via the CM/ECF system which has sent notice of said filing to:

**Faith E Alvarez**
**Nathaniel Lee**
Lee Cossell & Crowley LLP - Ind/IN
151 N Delaware St Ste 1500
Indianapolis, IN 46204
Counsel for Gaylin Rose

**Misti Presnell DeVore**
**David L Taylor**
Taylor DeVore PC
Keystone Office Park
3003 E 98th St Ste 201
Indianapolis, IN 46280
Counsel for Auto Owners Insurance
Company

**Rosemary L Borek**
**James S Stephenson**
Stephenson Morow & Semler
3077 East 98th St Ste 240
Indianapolis, IN 46280
Counsel for Town of Flora

**Paul S Kruse**
Parr Richey Frandsen Patterson Kruse LLP -
Leb/IN
225 W Main St
PO Box 668
Lebanon, IN 46052
Counsel for Damien Lee Davis

**Scott L Bunnell**
Hunt Suedhoff Kalamaros LLP - FW/IN
803 S Calhoun St Ste 900
PO Box 11489
Fort Wayne, IN 46858-1489
Counsel for Joshua Ayres and Birch Tree
Holdings, LLC96

**Jeremy D Lemon**
**James J. Shea, Sr.**
Hunt Suedhoff Kalamaros LLP - FW/IN
803 S Calhoun St Ste 900
PO Box 11489
Fort Wayne, IN 46858-1489
Counsel for Joshua Ayres and Birch Tree

Holdings, LLC

**Misti Presnell DeVore**
**David L Taylor**
Taylor DeVore PC
Keystone Office Park
3003 E 98th St Ste 201
Indianapolis, IN 46280
Counsel for Auto Owners Insurance
Company

s/Galen A. Bradley_____

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville IN  46410
219/769-0413

186149\5009525-1