# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GAYLIN ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 197 |
| | ) |
| BIRCH TREE HOLDINGS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on plaintiff's motion for default judgment. (DE # 83.) For the reasons that follow, the motion is granted in part and denied in part.

## I.    BACKGROUND

On May 18, 2018, plaintiff Gaylin Rose filed the present negligence and wrongful death action related to the death of her four daughters in a house fire. (DE # 1.) Damien Davis, the biological father of one of the girls, represented by counsel, filed an appearance and a motion to intervene. (DE ## 33-34.) The Magistrate Judge denied the motion as moot, given plaintiff's pending motion to file an amended complaint naming Davis as a defendant. (DE # 41 at 7.) The Magistrate Judge also disqualified Davis' attorney and terminated his appearance in this case, on the basis that Davis' counsel had previously represented plaintiff. (*Id.* at 9.)

On December 12, 2018, plaintiff amended her complaint (DE # 42) to add a product liability claim, and to add as defendants the biological fathers of her children, Davis, Jerrel C. McDonald, Sr., Daniel Travis, and Stacey Phillips, pursuant to the

Indiana wrongful death statute. *See* Ind. Code § 34-23-2-1(C)(1) ("An action may be maintained under this section against the person whose wrongful act or omission caused the injury or death of a child. The action may be maintained by . . . the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest.").

Summonses returned executed by plaintiff indicate that McDonald was served on December 17, 2018; Phillips was served on December 18, 2018; Davis was served on December 19, 2018; and Travis was served on June 27, 2019. (DE ## 59; 74.) Therefore, McDonald had until January 7, 2019, to file a responsive pleading; Phillips had until January 8, 2019, to file a responsive pleading; Davis had until January 9, 2019, to file a responsive pleading; and Travis had until July 18, 2019, to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(1)(A)(I) (requiring defendant to serve answer within 21 days after being served with summons and complaint). To date, McDonald, Phillips, and Travis have not filed any responsive pleading or appeared in this case. After his attorney's appearance was terminated, Davis did not file a subsequent appearance, and he has not filed any responsive pleading or any subsequent motion in this case. At plaintiff's request, the Clerk of Court entered default against Davis, McDonald, Phillips, and Travis, on July 29, 2019. (DE ## 79-82.) Plaintiff now seeks entry of default judgment against each of these defendants.

II.  **LEGAL STANDARD**

The court may enter default judgment against a party against whom affirmative

2

relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). The decision to enter a default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

III.   ANALYSIS

Plaintiff's motion for default judgment will be granted with respect to defendants McDonald, Phillips, and Travis. Plaintiff's amended complaint alleges that these defendants were the biological fathers of three of the children in this case, and therefore Indiana law required that they be named as defendants in this action to answer to their interests in the action. *See* Ind. Code § 34-23-2-1(C)(1). By failing to appear or respond, these defendants have forfeited their interest.

Plaintiff's motion for default judgment will be denied with respect to defendant Davis. Federal Rule of Civil Procedure 55(b) provides, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application . . .." Davis did initially appear and sought involvement in this case. Though he should have filed an appearance after his counsel was disqualified, he will be given one more opportunity to respond. This court will grant plaintiff leave to re-file her motion for default judgment with respect to defendant Davis, and serve Davis with written notice of the motion.

## IV. CONCLUSION

For the foregoing reasons, plaintiff Gaylin Rose's motion for default judgment (DE # 83) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion is **GRANTED** with respect to defendants Jerrell C. McDonald, Sr., Stacey Phillips, and Daniel Travis. The court **RESERVES** entry of final judgment until the resolution of the remaining claims in this case. Plaintiff's motion is **DENIED** with respect to defendant Damien Davis. The court **GRANTS** plaintiff until **February 4, 2020**, to re-file her motion for default judgment, with service to defendant Davis.

**SO ORDERED.**

Date: January 3, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT