UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GAYLIN ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 197 |
| | ) |
| BIRCH TREE HOLDINGS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on plaintiff's second motion for default judgment. (DE # 88.) For the reasons that follow, the motion will be granted.

### I.  BACKGROUND

On May 18, 2018, plaintiff Gaylin Rose filed the present negligence and wrongful death action related to the death of her four daughters in a house fire. (DE # 1.) Damien Davis, the biological father of one of the girls, and represented by counsel, filed an appearance and a motion to intervene. (DE ## 33-34.) The Magistrate Judge denied the motion as moot, given plaintiff's pending motion to file an amended complaint naming Davis as a defendant. (DE # 41 at 7.) The Magistrate Judge also disqualified Davis' attorney and terminated his appearance in this case, on the basis that Davis' counsel had previously represented plaintiff. (*Id.* at 9.)

On December 12, 2018, plaintiff amended her complaint (DE # 42) to add a product liability claim, and to add as defendants the biological fathers of her children, including Davis, pursuant to the Indiana wrongful death statute. *See* Ind. Code §

34-23-2-1(C)(1) ("An action may be maintained under this section against the person whose wrongful act or omission caused the injury or death of a child. The action may be maintained by . . . the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest.").

Davis was served with summons and the amended complaint on December 19, 2018. (DE # 59.) Therefore, Davis had until January 9, 2019, to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (requiring defendants to serve an answer within 21 days after being served with summons and the complaint). After his attorney's appearance was terminated in December 2018, Davis did not file any subsequent appearance, and he has not filed any responsive pleading or any subsequent motion in this case. At plaintiff's request, the Clerk of Court entered default against Davis on July 29, 2019. (DE # 79.)

On January 3, 2020, this court granted plaintiff's first motion for default judgment as to three other defendants, but denied plaintiff's motion with respect to Davis. (DE # 87.) Because Davis originally appeared in the action, this court granted Davis one final opportunity to respond to the amended complaint. He failed to do so.

Plaintiff now seeks entry of default judgment against Davis. Davis has not filed a response, and the time to do so has now passed. This matter is ripe for resolution.

II.     **LEGAL STANDARD**

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). The

decision to enter a default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). If the court determines that the defendant is in default, all well-pleaded allegations in the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff's motion for default judgment against Davis will be granted. Plaintiff's amended complaint alleges that Davis is the biological father of one of her deceased daughters, and therefore Indiana law required that Davis be named as a defendant in this action, to answer to his interest in the action. *See* Ind. Code § 34-23-2-1(C)(1). By failing to appear or respond, Davis has forfeited his interest.

### IV. CONCLUSION

For the foregoing reasons, plaintiff Gaylin Rose's motion for default judgment against Damien Davis (DE # 88) is **GRANTED**. The court **RESERVES** entry of final judgment until the resolution of the remaining claims in this case.

**SO ORDERED.**

Date: April 16, 2020

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT