UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GAYLIN ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIRCH TREE HOLDINGS, LLC, | ) |
| JOSHUA AYRES, | ) Case No. 2:18-cv-00197-JTM-JEM |
| TROY HELDERMAN, | ) |
| DAMIEN DAVIS, | ) |
| JERREL C. MCDONALD, SR., | ) |
| DANIEL TRAVIS, | ) |
| STACEY PHILLIPS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT JOSHUA AYRES MOTION TO COMPEL STATE FIRE MARSHAL TO RESPOND TO NON-PARTY REQUEST FOR PRODUCTION

Defendant Joshua Ayres, pursuant to Fed. R. Civ. P. 37(a), for his Motion to Compel against Indiana State Fire Marshal, state as follows:

### Background

1. On August 23, 2018, Ayres and Defendant Birch Tree Holdings, LLC,[1] served on non-party Indiana State Fire Marshal a Subpoena to Produce Documents and corresponding Request for Production of Documents (the "Request"). The Request seeks the Fire Marshal's investigative file regarding the fire from which Plaintiff's claims arise. An accurate copy of the Request is attached as Exhibit A.

---

[1] At the time, the law firm of Hunt Suedhoff Kalamaros LLP represented both Ayres and Birch Tree Holdings. The undersigned now represent Ayres, while Hunt Suedhoff Kalamaros LLP continues to represent Birch Tree Holdings.

2. The Fire Marshal has not responded to the Request.

3. On March 3, 2020, Ayres sent correspondence to the Fire Marshal, identifying that its response to the Request was long overdue and requesting a response by March 17, 2020. (Exhibit B, p. 1).

4. On March 25, 2020, having received no response from the Fire Marshal, Ayres sent additional correspondence to the Fire Marshal. Ayres asked that the Fire Marshal respond to the Request by April 8, 2020. (Exhibit B, p. 2).

5. On April 14, 2020, having received no response from the Fire Marshal, Ayres sent additional correspondence to the Fire Marshal. Ayres asked that the Fire Marshal respond to the Request by April 20, 2020. (Exhibit B, p. 3).

6. The Fire Marshal has neither responded to the Request nor to any of Ayres' correspondence.

7. Therefore, pursuant to Rule 37(a), Ayres requests the Court enter an order compelling the Fire Marshal to respond to the Request, in full, within 14 days of the date of the order.

8. Further, if the Court enters an order compelling the Fire Marshal to respond to the Request, Ayres requests that, pursuant to Rule 37(a)(5)(A), the Court, after it has given the Fire Marshal an opportunity to be heard, order the Fire Marshal to pay Ayres' expenses, including attorneys fees, incurred in connection with the Request.

Wherefore, Defendant Joshua Ayres requests that the Court:

a. enter an order compelling the Fire Marshal to respond to the Request, in full, within 14 days of the date of the order;

b. if the Court enters an order compelling the Fire Marshal to respond to the Request, Ayres requests that, pursuant to Rule 37(a)(5)(A), the Court, giving the Fire Marshal an opportunity to be heard, order the Fire Marshal to pay Ayres' expenses, including attorneys fees, incurred in connection with the Request; and

c. grant all other appropriate relief.

Respectfully submitted,

/s/ Ian Goodman
Jonathan Bont
Ian Goodman
Paganelli Law Group
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
317.550.1855
jon@paganelligroup.com
ian@paganelligroup.com

*Counsel for Defendant Joshua Ayres*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed on May 1, 2020, through the Court's CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ian P. Goodman
Ian P. Goodman

3