UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GAYLIN ROSE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BIRCH TREE HOLDINGS, LLC )<br>and JOSHUA AYRES, )<br>)<br>Defendants. ) | CASE NO. 2:18-cv-00197-JTM-JEM |

### REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY

Jim Greeson, Fire Marshal
Indiana State Fire Marshal's Office
302 W. Washington Street #241
Indianapolis, IN 46204

You are hereby requested to produce for inspection and copying the materials described herein pursuant to the attached Subpoena Duces Tecum:

**Any and all investigative materials** pertaining to a fire that occurred on November 21, 2016, at or near the premises/home located at 103 E. Columbia Street, Flora, IN 46929, which home was being occupied by Gaylin Rose and her four children, **including, but not limited to, office and field notes, police reports, witness statements, photographs, all tapes and recordings, drawings, any and all expert reports and files and notes contained within your file and any other documentation related to said fire loss.**

You are further notified that you are entitled to security against damages or payment of damages resulting from this request, and you may respond to such request by submitting to its terms, by proposing different terms, or by objecting specifically or generally to the request by serving a written response to the undersigned within thirty (30) days, or by moving to quash as permitted by Federal Rules of Civil Procedure.

Page **1** of **2**
**Exhibit A**

Respectfully submitted,

**HUNT SUEDHOFF KALAMAROS LLP**

/s/ *James J. Shea, Sr.*
James J. Shea, Sr., Atty. No. 2177-02
Scott L. Bunnell, Atty. No. 4092-98
Jeremy D. Lemon, Atty. No. 30731-45
803 South Calhoun Street, Suite 900
Fort Wayne, Indiana 46802
Telephone:   260/423-1311
Facsimile:    260/424-5396
Email: jshea@hsk-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2018, I served the foregoing document on the following counsel of record:

Nathanial Lee, Esq.
Faith E. Alvarez, Esq.
**LEE COSSELL CROWLEY, LLP**
151 North Delaware Street – Suite 1500
Indianapolis, IN  46204

/s/ *James J. Shea, Sr.*
James J. Shea, Sr.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## INDIANA

| | |
|---|---|
| GAYLIN ROSE<br>Plaintiff<br><br>vs.<br><br>BIRCH TREE HOLDINGS, LLC and<br>JOSHUA AYRES<br>Defendants | ) Case No. 2:18-cv-00197-JTM-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Jim Greeson, Fire Marshal
      Indiana State Fire Marshal's Office
      302 W. Washington Street #241
      Indianapolis, IN 46204

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**All documents outlined in the attached Request For Production On Non-Party.**

| Place: Hunt Suedhoff Kalamaros, LLP<br>Attention: James J. Shea, Sr.<br>803 S. Calhoun Street, Suite 900<br>Fort Wayne, IN 46802 | **On or before: September 26, 2018** |
|---|---|

~~*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.~~

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8-23-18

/s/ James J. Shea, Sr.
*Attorney's signature James J. Shea, Sr.*

The name, address, e-mail, and telephone number of the attorney representing *Defendants:*
James J. Shea, Sr., 803 S. Calhoun Street, Suite 900, Fort Wayne, IN 46802, jshea@hsk-law.com,
260-423-1311

Civil Action No. 2:18-cv-00197-JTM-JEM

## PROOF OF SERVICE

| **DATE SERVED:** | **PLACE:** |
|---|---|
| August 23, 2018 | Jim Greeson, Fire Marshal<br>Indiana State Fire Marshal's Office<br>302 W. Washington Street #241<br>Indianapolis, IN 46204<br><br>Nathanial Lee, Esq.<br>Faith E. Alvarez, Esq.<br>LEE COSSELL CROWLEY, LLP<br>151 North Delaware Street – Suite 1500<br>Indianapolis, IN 46204 |
| **SERVED ON (Print Name):** | **MANNER OF SERVICE:** |
| Jim Greeson – Indiana State Fire Marshall | Certified United States mail, Return Receipt Request |
| Nathanial Lee: | United States Mail |
| **SERVED BY (Print Name):**<br>James J. Shea, Sr. | **TITLE:**<br>Attorney for Defendants |

## DECLARATION OF SERVER

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8-23-18

/s/ James J. Shea, Sr.
**Signature of Server**

HUNT SUEDHOFF KALAMAROS LLP
803 S. Calhoun Street, Suite 900
Fort Wayne, IN 46802
**Address of Server**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
INDIANA

| | |
|---|---|
| GAYLIN ROSE<br>     Plaintiff<br><br>vs.<br><br>BIRCH TREE HOLDINGS, LLC and<br>JOSHUA AYRES<br>     Defendants | ) Case No. 2:18-cv-00197-JTM-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Indiana State Police
     100 N. Senate Avenue, Suite N302
     Indianapolis, IN 46206

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**All documents outlined in the attached Request For Production On Non-Party.**

| Place: Hunt Suedhoff Kalamaros, LLP<br>Attention: James J. Shea, Sr.<br>803 S. Calhoun Street, Suite 900<br>Fort Wayne, IN 46802 | On or before September 27, 2018 |
|---|---|

~~*Inspection of Premises:*~~ **YOU ARE COMMANDED** ~~to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.~~

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8-27-18

/s/ James J. Shea, Sr.
*Attorney's signature James J. Shea, Sr.*

The name, address, e-mail, and telephone number of the attorney representing *Defendants:*
    James J. Shea, Sr., 803 S. Calhoun Street, Suite 900, Fort Wayne, IN 46802, jshea@hsk-law.com,
    260-423-1311

Civil Action No. 2:18-cv-00197-JTM-JEM

## PROOF OF SERVICE

| **DATE SERVED:** | **PLACE:** |
|---|---|
| August 27, 2018 | Indiana State Police<br>100 N. Senate Avenue, Suite N302<br>Indianapolis, IN 46206<br><br>Nathanial Lee, Esq.<br>Faith E. Alvarez, Esq.<br>LEE COSSELL CROWLEY, LLP<br>151 North Delaware Street – Suite 1500<br>Indianapolis, IN 46204 |

| **SERVED ON (Print Name):** | **MANNER OF SERVICE:** |
|---|---|
| Indiana State Police | Certified United States mail, Return Receipt Request |
| Nathanial Lee: | United States Mail |

| **SERVED BY (Print Name):**<br>James J. Shea, Sr. | **TITLE:**<br>Attorney for Defendants |
|---|---|

### DECLARATION OF SERVER

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8-27-18

/s/ James J. Shea, Sr.
**Signature of Server**

HUNT SUEDHOFF KALAMAROS LLP
803 S. Calhoun Street, Suite 900
Fort Wayne, IN 46802
**Address of Server**

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GAYLIN ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:18-cv-00197-JTM-JEM |
| | ) | |
| BIRCH TREE HOLDINGS, LLC | ) | |
| and JOSHUA AYRES, | ) | |
| | ) | |
| Defendants. | ) | |

### REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY

**Indiana State Police**
**100 N. Senate Avenue, Suite N302**
**Indianapolis, IN 46206**

You are hereby requested to produce for inspection and copying the materials described herein pursuant to the attached Subpoena Duces Tecum:

> **Any and all investigative materials** pertaining to a fire that occurred on November 21, 2016, at or near the premises/home located at 103 E. Columbia Street, Flora, IN 46929, which home was being occupied by Gaylin Rose and her four children, **including, but not limited to, office and field notes, police reports, witness statements, photographs, all tapes and recordings, drawings, any and all expert reports and files and notes contained within your file and any other documentation related to said fire loss.**

You are further notified that you are entitled to security against damages or payment of damages resulting from this request, and you may respond to such request by submitting to its terms, by proposing different terms, or by objecting specifically or generally to the request by serving a written response to the undersigned within thirty (30) days, or by moving to quash as permitted by Federal Rules of Civil Procedure.

Respectfully submitted,

**HUNT SUEDHOFF KALAMAROS LLP**

*/s/ James J. Shea, Sr.*
James J. Shea, Sr., Atty. No. 2177-02
Scott L. Bunnell, Atty. No. 4092-98
Jeremy D. Lemon, Atty. No. 30731-45
803 South Calhoun Street, Suite 900
Fort Wayne, Indiana 46802
Telephone:    260/423-1311
Facsimile:    260/424-5396
Email: jshea@hsk-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27TH day of September, 2018, I served the foregoing document on the following counsel of record:

Nathanial Lee, Esq.
Faith E. Alvarez, Esq.
**LEE COSSELL CROWLEY, LLP**
151 North Delaware Street – Suite 1500
Indianapolis, IN  46204

*/s/ James J. Shea, Sr.*
James J. Shea, Sr.