| | |
|---|---|
| **Subject:** | RE: Rose v. Ayres |
| **Date:** | Thursday, August 27, 2020 at 3:50:01 PM Eastern Daylight Time |
| **From:** | Nijjar, Parvinder |
| **To:** | Ian Goodman, Wood, Peter |
| **CC:** | Filban Tislow, Erin |
| **Attachments:** | image017.png, image018.png, image019.png, image020.png, image021.png, image022.png, image023.png, image024.png, image025.png, image026.png, image027.png, image028.png, image029.png, image030.png, image031.png, image032.png, image033.png, image034.png, image035.png, image036.png |

Ian,

The protective order will be from both IDHS and ISP.

Thanks,

**Parvinder K. Nijjar**
Deputy Attorney General
Administrative and Regulatory Enforcement Litigation
Office of Attorney General Curtis Hill
302 W. Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
p: 317-234-2339 I f: 317.232.7979
Parvinder.Nijjar@atg.in.gov



**From:** Ian Goodman [mailto:ian@paganelligroup.com]
**Sent:** Wednesday, August 26, 2020 9:00 AM
**To:** Wood, Peter <PWood2@isp.IN.gov>
**Cc:** Nijjar, Parvinder <Parvinder.Nijjar@atg.in.gov>
**Subject:** Re: Rose v. Ayres

****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****

Thanks Lieutenant. I actually think Parvinder already told me as much, and I just forgot.

Ian

**PAGANELLI LAW GROUP**
ATTORNEYS AT LAW

Ian Goodman
Attorney at Law
10401 N. Meridian St., Suite 450

**Exhibit D**

Indianapolis, IN  46290
Tel:      317/550-1855
E-Mail: ian@paganelligroup.com
Web:    www.paganelligroup.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** "Wood, Peter" <PWood2@isp.IN.gov>
**Date:** Wednesday, August 26, 2020 at 8:58 AM
**To:** Ian Goodman <ian@paganelligroup.com>
**Cc:** "Nijjar, Parvinder" <parvinder.nijjar@atg.in.gov>
**Subject:** RE: Rose v. Ayres

Thank you for the email.  DAG Niijar is also now representing ISP and I believe that she is contemplating handling both the ISP and IDHS issues.  You may go direct with her.  Thank you.

Peter B. Wood, Lieutenant
Indiana State Police

---

**From:** Ian Goodman <ian@paganelligroup.com>
**Sent:** Wednesday, August 26, 2020 7:53 AM
**To:** Wood, Peter <PWood2@isp.IN.gov>
**Cc:** Nijjar, Parvinder <parvinder.nijjar@atg.in.gov>
**Subject:** Re: Rose v. Ayres

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

---

Lieutenant Wood –

I'm touching base again regarding ISP's response to our non-party request for production. Thanks for providing the privilege log. I continue to believe that ISP is wrongly withholding most documents. However, I think we can resolve our differences by simply entering a protective order, pursuant to which ISP would produce the remaining documents while being assured they would not be disseminated beyond this case. We are in the process of reaching a similar arrangement with Parvender Nijjar. I would think one protective order, for her clients and for ISP, would suffice. Please let me know what you think.

Ian

## PAGANELLI LAW GROUP
### ATTORNEYS AT LAW

Ian Goodman
Attorney at Law
10401 N. Meridian St., Suite 450
Indianapolis, IN  46290
Tel:     317/550-1855
E-Mail: ian@paganelligroup.com
Web:   www.paganelligroup.com

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** "Wood, Peter" <PWood2@isp.IN.gov>
**Date:** Monday, July 6, 2020 at 12:14 PM
**To:** Ian Goodman <ian@paganelligroup.com>
**Cc:** "Nijjar, Parvinder" <parvinder.nijjar@atg.in.gov>
**Subject:** RE: Rose v. Ayres

Attorney Goodman,

Attached please find the requested privilege log.  The documents withheld or redacted are indicated on that document.  The only other documents/items are the photographs and polygraph videos which are being addressed by DAG Niijar.

Additionally, upon further review, it appears that page 72 of the case report was inadvertently redacted.  I am supplying you with a complete copy of that page in unredacted form.

Peter B. Wood, Lieutenant
Indiana State Police

---

**From:** Ian Goodman [mailto:ian@paganelligroup.com]
**Sent:** Monday, June 22, 2020 12:17 PM
**To:** Wood, Peter <PWood2@isp.IN.gov>
**Cc:** Jonathan Bont <jon@paganelligroup.com>; 'James J. Shea' <jshea@hsk-law.com>; 'Jeremy D. Lemon' <jlemon@hsk-law.com>
**Subject:** Re: Rose v. Ayres

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Lieutenant Wood –

This message is our attempt to resolve deficiencies in ISP's response to the request for production in this matter.

First, please confirm whether ISP has withheld any documents from production or if it's produced all documents requested, some with redactions.

Second, it appears that material are redacted based on invocation of the law enforcement investigatory privilege. Assuming that to be correct, under Fed. R. Civ. P. 26, ISP must produce (but didn't) a privilege log to provide us with enough information to assess its assertion of privilege. The privilege log must refence all documents withheld and each redaction.

Third, I wanted to reiterate our disagreement with the apparent breadth of the ISP's invocation of the investigatory privilege. As mentioned before, we believe that the ten factors (*see Jones v. City of Indianapolis*, 216 F.R.D 440, 444-45 (S.D. Ind. 2003) weigh in favor of ISP producing its entire file in an unredacted form. Plaintiff has sued Defendants, levying against them the serious allegation that their actions proximately caused the death of her children. Defendants deny Plaintiff's allegations. ISP's investigatory file regarding the fire is essential to my client and co-defendant's defenses. Presumably, much of the critical information in ISP's file has been redacted, including how the fire occurred, whether and why ISP believes it was incendiary and regarding witnesses and suspects in the fire – all of which are relevant to my client's defenses to plaintiff's claims. In past correspondence to ISP, I've stated additional reasons we disagree with ISP's invocation of the privilege.

By July 6, please confirm whether ISP has withheld any documents; produce a privilege log; and advise whether ISP will underact all or additional portions of its file.

Ian


**PAGANELLI LAW GROUP**
ATTORNEYS AT LAW

Ian Goodman
Attorney at Law
10401 N. Meridian St., Suite 450
Indianapolis, IN  46290
Tel:     317/550-1855
E-Mail: ian@paganelligroup.com
Web:   www.paganelligroup.com

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** "Wood, Peter" <PWood2@isp.IN.gov>
**Date:** Friday, May 15, 2020 at 10:42 AM
**To:** Ian Goodman <ian@paganelligroup.com>, Jim Austen <austen@starrausten.com>
**Subject:** RE: Rose v. Ayres

Gentleman,

Attached please find the supplemental response from the Indiana State Police in the Rose v. Birch Tree Holdings, LLC and Joshua Ayres case. Please contact me with any questions.

Peter B. Wood, Lieutenant
Indiana State Police

---

**From:** Ian Goodman [mailto:ian@paganelligroup.com]
**Sent:** Friday, May 8, 2020 9:51 AM
**To:** Jim Austen <austen@starrausten.com>
**Cc:** Jonathan Bont <jon@paganelligroup.com>; Wood, Peter <PWood2@isp.IN.gov>
**Subject:** Re: Rose v. Ayres

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

---

Jim –

Good timing, as I coincidentally just got off the phone with Lieutenant Wood. Also a good call on waiting to see what ISP does before you and I debate any more. Once my discussions with Lieutenant Wood are concluded, and ISP hopefully supplements its production, I'll get back to you.

Thanks,

Ian


**PAGANELLI LAW GROUP**
ATTORNEYS AT LAW

Ian Goodman
Attorney at Law
10401 N. Meridian St., Suite 450
Indianapolis, IN  46290
Tel:     317/550-1855
E-Mail:  ian@paganelligroup.com
Web:     www.paganelligroup.com

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**STATE OF INDIANA**

# INDIANA STATE POLICE

INDIANA GOVERNMENT CENTER NORTH
100 NORTH SENATE AVENUE
INDIANAPOLIS, INDIANA 46204-2259

www.in.gov/isp
1550 E. 181st Avenue
Lowell, Indiana 46356

May 15, 2020

Attorney Ian P. Goodman
PAGANELLI LAW GROUP
Two Meridian Plaza
10401 North Meridian Street, Suite 450
Indianapolis, Indiana 46290

RE:   Request for Production – Rose v. Birch Tree Holdings, LLC and Joshua Ayres
       United States District Court – Northern District of Indiana - Case 2:18-cv-00197-JTM-JEM

Dear Attorney Goodman,

This letter is in response to your request regarding the above-mentioned case, received by the Indiana State Police on April 10, 2020. We had previously responded to a subpoena by providing a redacted copy of the Indiana State Police Incident report 16ISPC012144. You had that the Indiana State Police review the materials and evaluate the materials that were redacted in light on the progress of the investigation.

In follow up, we had a conversation regarding the status of the report and the investigation. We further discussed the Indiana State Police's interest in preventing disclosure of law enforcement investigative information versus the interests of civil litigants in this case.

The case detectives have conducted an extensive review of the case materials, including both those previously disclosed and redacted and those developed subsequent to the first response. They were able to remove some of the original redactions, and have limited the non-disclosed material to that which is directly pertinent to portions of the ongoing investigation. After that review, I am including an updated copy of Indiana State Police report 16ISPC012144.

Please do not hesitate to contact us if we can be of further assistance.

Sincerely,

/s/ Peter B. Wood

Peter B. Wood, Lieutenant
Indiana State Police

INTEGRITY • SERVICE • PROFESSIONALISM

**PAGANELLI LAW GROUP**
ATTORNEYS AT LAW

Two Meridian Plaza
10401 N. Meridian Street, Suite 450
Indianapolis, Indiana 46290

Voice: 317.550.1855
Fax: 317.569.6016
www.paganelligroup.com

April 10, 2020

Indiana State Police
Peter B. Wood, Lieutenant
1550 E. 181st Avenue
Lowell, IN 46356

      *Re:*    *Rose v. Ayres, et al*
             *Case 2:18-cv-00197-JTM-JEM*
             *Subpoena to Produce Documents*

Dear Lieutenant Wood:

      I am counsel to Defendant Joshua Ayres in the above-referenced lawsuit. The lawsuit arises from a "fire" that occurred on November 21, 2016 at 103 E. Columbia Street, Flora, IN. Birch Tree Holdings, LLC, and Troy Helderman are also named as defendants in the lawsuit.

      In 2018, Josh Ayres and Birch Tree Holdings (Jim Shea remains counsel to Birch Tree Holdings) served a subpoena for the production of documents on the Indiana State Police ("ISP"), which requested ISP's file regarding the fire. On October 2, 2018, you, on behalf of ISP, responded to the subpoena. I understand that ISP, on the basis of the law enforcement investigatory privilege, redacted portions of some records it produced and may have withheld others.

      Because approximately a year and a half has passed since ISP's response, I wanted to follow up on a couple of issues. First, I'd ask that ISP supplement its response to include any additional investigatory materials it has gathered and developed during the last year and a half. Second, I am wondering if the investigation remains active, such that the law enforcement investigatory privilege could still be claimed. And, even if it is active, I'd ask that ISP reconsider its position on redactions and withholding materials (if any).

      The investigatory privilege is not absolute, and can be overridden in appropriate cases where the parties need the materials at issue. *Dellwood Farms v. Vargill, Inc.* (7th Cir. 1997). To balance law enforcement's interest in protecting investigations versus the interests of civil litigants, courts consider ten factors:

1. the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;
2. the impact upon persons who have given information of having their identities disclosed;

**PAGANELLI LAW GROUP**
ATTORNEYS AT LAW

Two Meridian Plaza
10401 N. Meridian Street, Suite 450
Indianapolis, Indiana 46290

Voice: 317.550.1855
Fax: 317.569.6016
www.paganelligroup.com

3. the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;
4. whether the information sought is factual data or evaluative summary;
5. whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;
6. whether the investigation has been completed;
7. whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;
8. whether the plaintiff's suit is nonfrivolous and brought in good faith;
9. whether the information sought is available through other discovery or from other sources; and
10. the importance of the information sought to the case.

*Jones v. City of Indianapolis*, 216 F.R.D 440, 444-45 (S.D. Ind. 2003).

We believe that the ten factors weigh in favor of ISP producing its entire file in an unredacted form. Plaintiff has sued Defendants, levying against them the serious allegation that their actions proximately caused the death of her children. Defendants deny Plaintiff's allegations. ISP's investigation file regarding the fire is essential to my client and co-defendant's defenses. Presumably, ISP's file contains critical information regarding how the fire occurred, including whether, and why, ISP believes it was incendiary. Further, I expect the file identifies witnesses and the information they have.

Approximately three and a half years after the fire, we do not think ISP can reasonably claim that disclosing its file to the parties to this matter would discourage citizens from giving ISP information regarding the fire. And, the only substantive impact providing the documents could have on, for example, witnesses identified therein would be for bad-actors to be potentially held responsible for their actions in the civil context – but this consequence would be the interest of justice. Further, this information is not available from any other source, and even if the investigation technically remains active, we expect it is, practically speaking, largely inactive.

Please let me know ISP's position on producing materials it has collected and developed since October 2, 2018, and its position on un-redacting documents it previously produced and producing documents it has withheld. I'd be glad to discuss this matter on the phone if you'd prefer. My cell is 317-457-8111.

Sincerely,

**PAGANELLI LAW GROUP**
ATTORNEYS AT LAW

Two Meridian Plaza
10401 N. Meridian Street, Suite 450
Indianapolis, Indiana 46290

Voice: 317.550.1855
Fax: 317.569.6016
www.paganelligroup.com

Ian P. Goodman

CC (by email):  Jim Shea
Jeremy Lemon
Galen Bradley