UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GAYLIN ROSE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:18-CV-197-JTM-JEM |
| | ) | |
| BIRCH TREE HOLDINGS, LLC, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Birch Tree Holding, LLC's Motion for Protective Order [DE 151] filed November 15, 2021. Plaintiff filed a response on November 30, 2021, Defendant Birch Tree filed a reply on December 1, 2021, and the Motion was discussed at a status hearing with the Court on December 16, 2021.

**I.      Background**

On May 18, 2018, Plaintiff filed a Complaint arising from a November 21, 2016, fire which resulted in the death of her four children. The parties began discovery in July 2018, and it remains ongoing. On September 20, 2018, Defendants Birch Tree and Joshua Ayres submitted their Initial Disclosures to Plaintiff and included, as a witness with discoverable information as defined in Federal Rule of Civil Procedure 26(a)(1)(a), "27. Investigator Jeff Tipton State-Wide Consulting & Investigating . . ." Pl. Resp. Ex. 1. p. 6 [DE 154-1]. Defendants' supplemental disclosures, dated in April 2019, did not include Jeff Tipton as a fact witness. Plaintiff issued a non-party subpoena to produce documents to Mr. Tipton in late 2018, which Defendants objected to, but to which a partial response was provided.

Mr. Tipton visited the fire site on November 21, 2016, the date of the fire, and November

23, 2016. He also visited the site on several subsequent occasions along with expert witnesses retained by Plaintiff and various law enforcement and fire personnel.

Mr. Tipton was subpoenaed for his deposition by Plaintiff on November 8, 2021, and Defendants objected and now move for a protective order to prohibit Plaintiff from taking Mr. Tipton's deposition, or in the alternative to limit the deposition topics to chain of custody questions relative to the smoke detector Mr. Tipton took from the property as part of his investigation.

## II.     Analysis

Federal Rule of Civil Procedure 26(b) provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).

A party may generally depose a third party without leave of court. Fed. R. Civ. P. 30(1)(1). Federal Rule of Civil Procedure 26(c) allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). Rule 26(c) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden

or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

Defendants move for a protective order to prevent or significantly limit the deposition of Jeff Tipton, arguing that Mr. Tipton is a consulting expert, and as such, he may not be deposed. Plaintiff, relying at least in part on Defendants' initial 26(a)(1) disclosures, argues that Mr. Tipton is a fact witness who Defendants now want to re-designate as a consulting expert. Plaintiff further argues that even if Mr. Tipton is a consulting expert, exceptional circumstances create an exception to the rule excluding his deposition. Defendants respond that Mr. Tipton has always been a consulting expert as he was retained in anticipation of litigation and there are no exceptional circumstances requiring his deposition.

Defendants are correct that discovery of a consulting expert's opinions and files may be limited or even precluded entirely. Fed R. Civ. P. 26(b)(4). Likewise, discovery of trial preparation materials, including those of a consulting expert, are generally not discoverable. Fed. R. Civ. P. 26(b)(3). Consulting experts' materials and opinions may be the subject of discovery when "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain heir substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(ii). Materials excluded from discovery under the work product analysis are those "prepared in anticipate of litigation or for trial." Fed. R. Civ. Pro. 26(b)(3)(A). The party withholding material on the basis that it is trial preparation material must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and

3

do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed R. Civ. P. 26(b)(5)(A).

As Plaintiffs argue, Mr. Tipton was initially designated as a fact witness with discoverable information. In addition, Mr. Tipton inspected the fire site on at least two occasions prior to the retention of experts by Plaintiff, and Defendants have failed to meet their burden of establishing that those visits were done in anticipation of litigation, rather than standard practice in fire investigation. "Even if litigation is imminent, the work-product doctrine does not cover documents prepared in the ordinary course of business rather than for litigation purposes." *Carlson v. Northrop Grumman Corp.*, 290 F. Supp. 3d 867, 873 (N.D. Ill. 2018); *see also Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655 (S.D. Ind., 1991) (holding that documents prepared before a final decision was reached on the plaintiff's claim, and which constituted an evaluation of the claim, were prepared in the course of the insurer's business of claim determination and were not work product); *Stout v. Ill. Farmers Ins. Co.*, 150 F.R.D. 594 (S.D. Ind. 1993) (holding that documents created both for purposes of analyzing claim and for possible future litigation are not privileged work product). Defendants produced no evidence that Mr. Tipton was retained as a consulting expert, they simply stated it as a fact in the correspondence objecting to the subpoena issued for his file in January 2019. To the contrary, the timing of Mr. Tipton's initial inspections and Defendants' own Rule 26(a)(1) disclosures indicate otherwise.

In addition, it is the burden of the party resisting discovery to establish the protection. Fed. R. Civ. P. 26(b)(5). This requires that the party describe the protected information or material with sufficient specificity to allow the court to assess whether it is indeed protected. *Pryor v. Target Corp.*, 2020 U.S. Dist. LEXIS 194082 (N.D. IL, October 20, 2020) (holding that a privilege log

4

with insufficient information to permit an assessment of the contents withheld is inadequate.) Defendants argue that the information being sought is privileged because it is consultant's work product, but have failed to meet their burden of identifying the protected information and/or materials, instead asserting a blanket objection to the request, and failed to attach a privilege log to their Motion for a Protective Order, their Memorandum Supporting the Motion for Protective Order, or their reply brief. Without such a description, this Court is unable to assess whether the material and information should indeed be protected from discovery.

Accordingly, no protective order will issue, and Mr. Tipton's deposition may proceed.

### III.     Conclusion

Accordingly, the Court hereby **DENIES** Defendant's Motion for Protective Order [DE 151] and **ORDERS** the deposition of Jeff Tipton to occur on or before January 31, 2022.

SO ORDERED this 21st day of December, 2021.

       s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record