UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GAYLIN ROSE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | )      No. 2:18 CV 197 |
| | ) |
| BIRCH TREE HOLDINGS, LLC, *et al.*, | ) |
| | ) |
|        Defendants. | ) |

## OPINION and ORDER

This matter is before the court on the parties' cross motions for summary

judgment and related motions. (DE ## 168, 171, 173, 176, 190, 210, 211, 216.) For the

reasons that follow, plaintiff's motion is denied and defendants' motions are granted in

part and denied in part.

## I.     BACKGROUND[1]

On November 21, 2016, there was a fire in the apartment where plaintiff Gaylin

Rose lived with her four minor children. (DE # 170-5 at 13.) Rose survived the fire, but

all four of her children died. (*Id.*)

Rose leased the apartment from defendant Birch Tree Holdings, LLC ("Birch

Tree"). (DE # 170-1 at 2.) Defendants Joshua Ayres and Troy Helderman are the sole

members and co-managers of Birch Tree. (DE # 170-1 at 1.)

---

[1] The following facts are undisputed for purposes of resolving the present
dispositive motions, unless otherwise noted.

Rose's lease began May 1, 2016, and she moved in sometime that same month. (DE # 170-1 at 2; DE # 170-2 at 6.) Rose's apartment had two bedrooms, one on the first floor (where Rose slept) and one on the second floor (where her children slept). (DE # 170-1 at 2; DE # 170-5 at 15.) There was one smoke detector in the apartment, situated in the hallway outside the second story bedroom. (DE # 170-1 at 2.) The parties dispute whether this smoke detector had a battery when Rose moved into the apartment. Rose has no memory of maintaining or testing the smoke detector in the apartment after she moved in. (DE # 171-6 at 10-11.) It is undisputed that the apartment did not contain the statutorily mandated number of smoke detectors. Investigators determined that the fire was an incendiary (intentional) fire that possibly used ignitable liquids. (DE # 170-5 at 3.)

Defendants designated Todd Hetrick as an expert witness to provide his opinion regarding Rose and her children's window of opportunity to safely exit the apartment during the fire. (DE # 170-5.) Hetrick opined, "it cannot be reliably concluded that Ms. Rose would have had sufficient time to wake herself and her children and safely egress from the structure in an intentionally set fire scenario even with a functional smoke alarm in the kitchen or living room." (DE # 170-5 at 3-4.) He based this opinion, in part, on his estimate that the available safe egress time for the fire was between 60 and 200 seconds if ignitable liquids were used, and 110 to 250 seconds if ignitable liquids were not used. (*Id.* at 4.) He estimated that, in the best case scenario, it would take between 110 and 250 seconds for an adult sleeping in the first floor bedroom to wake four

2

children on the second floor and safely exit the apartment. (*Id.*) However, Hetrick

testified that he cannot reliably exclude the possibility that Rose and her children could

have safely exited the apartment had there been a working smoke detector. (DE # 178-

13 at 117.) He testified, "[w]hat I've concluded is that it is possible that the available

safety egress time was less than (sic) required safety egress time for the incendiary fire

at 103 East Columbia Street, especially if ignitable liquids were used in the fire, which

would make it far less likely to successfully escape from the fire environment." (*Id.*)

Rose filed the present suit against defendants alleging that their negligence

caused her injuries and the deaths of her children. (DE ## 1, 42.) Each party has filed a

motion for summary judgment. The motions are fully briefed and are ripe for ruling.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after

adequate time for discovery, against a party "who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). "A motion for summary judgment is a contention that the material facts are

undisputed and the movant is entitled to judgment as a matter of law. The party

pursuing the motion must make an initial showing that the agreed-upon facts support a

judgment in its favor." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th

Cir. 2015) (internal citation omitted).

"[I]n ruling on a motion for summary judgment, the judge must view the

evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "Where . . . the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Id.*; *see also Reserve Supply Corp. v. Owens-Corning Fiberglass Corp.*, 971 F.2d 37, 42 (7th Cir. 1992). "If the movant has failed to make this initial showing, the court is obligated to deny the motion." *Hotel 71 Mezz Lender LLC*, 778 F.3d at 601.

In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th

Cir. 1994). In assessing a summary judgment motion, the district court views the facts in

the light most favorable to, and draws all reasonable inferences in favor of, the

nonmoving party. *See Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012); *Delapaz v.*

*Richardson*, 634 F.3d 895, 899 (7th Cir. 2011).

**III.    DISCUSSION**

Rose's claim against defendants is for negligence. Because the children were

minors and had no dependents, Indiana Code § 34-23-2-1 governs Rose's claims for

their alleged wrongful deaths. *See Est. of Sears ex rel. Sears v. Griffin*, 771 N.E.2d 1136,

1138 (Ind. 2002) (Indiana's child wrongful death statute "allows parents or guardians to

obtain damages for the wrongful death of unmarried children who had no legal

dependents and were under twenty years of age (or under twenty-three and still in

school)."). To prevail on her negligence claim, Rose must show: "(1) a duty owed to the

plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below

the applicable standard of care; and (3) compensable injury proximately caused by the

breach of duty." *Smith v. Walsh Constr. Co. II*, LLC, 95 N.E.3d 78, 84 (Ind. Ct. App. 2018).

*A.    Ayres and Helderman's Duty to Rose*

In this case, Ayres and Helderman argue that they are entitled to summary

judgment because Rose cannot establish that they owed her any duty of care. (DE # 169

at 12; DE # 174 at 10.) Rose does not claim that Ayres and Helderman owed her a

common law duty of care. Rather, she argues that they owed her a statutory duty,

pursuant to Indiana Code § 22-11-18-3.5(e), to provide her with working smoke

5

detectors. (DE # 195 at 11.) Indiana Code § 22-11-18-3.5(e) states: "[e]ach owner or the manager or rental agent of the owner is responsible for . . . the installation of a required smoke detector[.]" Rose argues that Ayres and Helderman owned and managed Birch Tree, which in turn owned and managed Rose's apartment. (DE # 195 at 11-12.)

Rose classifies her claim as one of negligence per se; however, it appears from her briefing that her claim is actually one for private right of action. The Indiana Court of Appeals has emphasized the difference in the two types of claims, and their respective burdens of proof. *See Gresser v. Reliable Exterminators, Inc.*, 160 N.E.3d 184, 190 (Ind. Ct. App. 2020), *transfer denied*, 166 N.E.3d 909 (Ind. 2021); *Stachowski v. Estate of Radman*, 95 N.E.3d 542, 543 (Ind. Ct. App. 2018). The Court of Appeals has stated:

> [T]o satisfy the duty element of a negligence claim, a plaintiff must demonstrate that a defendant had a duty toward the plaintiff that arose either at common law or by statute. If a defendant had an existing common-law duty of reasonable care, and if a plaintiff argues the defendant's violation of a statute or ordinance proves the breach of that existing common-law duty, then the plaintiff has been said to be raising a negligence-*per-se* claim. If, instead, the defendant had no common law duty and the plaintiff asserts a statute or ordinance created duty enforceable by plaintiff against defendant, then the plaintiff is said to be raising a private-right-of-action claim.

*Gresser*, 160 N.E.3d at 190 (citing *Stachowski*, 95 N.E.3d at 543).

A plaintiff who asserts that the defendant's duty arises from statute must establish that the statute provides a private right of action. *Id.* at 193. "The issue when a plaintiff claims a private right of action is whether the legislature that passed the statute 'intended to establish not just a standard of conduct but a duty enforceable by tort law.'" *Id.* at 190, n.1 (quoting *Stachowski*, 95 N.E.3d at 545); *see also Cuyler v. United States*,

6

362 F.3d 949, 952 (7th Cir. 2004) ("[T]he mere fact that a statute *defines* due care does not

in and of itself create a duty enforceable by tort law.. . . Otherwise every statute that

specified a standard of care would be automatically enforceable by tort suits for

damages[.]" (emphasis in original)).

Ayres and Helderman argue that Rose has not asserted a private right of action

claim, and has therefore waived the claim. (DE # 206 at 4.) Regardless of how Rose

identifies her claim,[2] Rose has made it clear that she asserts that defendants violated a

duty created by Indiana Code § 22-11-18-3.5(e). To establish that defendants' duty

stemmed from this statute (and therefore she has a private right of action), Rose must

establish that the statute was designed to protect individuals like her, and the statute

does not include an independent enforcement mechanism. *Gresser*, 160 N.E.3d at 190,

n.1 (quoting *Stachowski*, 95 N.E.3d at 545). Aryes and Helderman both explicitly concede

– for the purposes of summary judgment – that the statute confers a private right of

action. (DE # 169 at 14; DE # 174 at 12.) By conceding that a private right of action

exists, Ayres and Helderman have failed to established that Rose cannot prove the duty

element of her claim. Accordingly, Ayres and Helderman's motions for summary

judgment on this ground must be denied.

Two months after the expiration of the dispositive motion deadline and the filing

of its own dispositive motion, Birch Tree filed a "cross motion for summary judgment."

---

[2] The Indiana Court of Appeals recognizes that confusion between negligence per se claims and private right of action claims is common. *Gresser*, 160 N.E.3d at 191.

(DE # 190.) In this motion, Birch Tree argues, for the first time, that it is entitled to summary judgment because Rose failed to establish that: (1) Birch Tree owed her a common law duty of care, or (2) that Indiana Code § 22-11-18-3.5 confers a private right of action. (DE # 188 at 17.) Birch Tree's motion is an unauthorized and untimely second motion for summary judgment, and will therefore be stricken. The portions of the brief that serve as Birch Tree's response to Rose's motion for summary judgment remain in the record.

> B.      *Proximate Cause*

All parties claim that they are entitled to summary judgment on the question of proximate cause. The court does not agree.

To prove causation, a plaintiff must "establish that the harm would not have occurred but for the defendant's conduct." *Mr. Bults, Inc. v. Orlando*, 990 N.E.2d 1, 5 (Ind. Ct. App. 2013) (cleaned up). "Proximate cause must be based upon provable facts and cannot be based upon mere guess, conjecture, surmise, possibility or speculation. In other words, the factual evidence supplied must reflect some reasonable certainty or probability." *Blasius v. Angel Auto., Inc.*, 839 F.3d 639, 645 (7th Cir. 2016) (cleaned up).

Rose argues that she is entitled to a finding of proximate cause as a matter of law because "[d]efendants' experts both testified that working smoke detectors would have alerted [Rose and her children] to the fire in time to escape, like Rose's neighbor." (DE # 177 at 12.) This is a misrepresentation of the evidence. Rose relies on statements by Hetrick and Jeff Tipton (a fire investigator who examined the scene) who both said that

the purpose of a smoke detector is to alert occupants to the presence of fire and, as a general matter, smoke detectors help save lives. (DE # 178-13 at 65; DE # 178-14 at 64.) Rose cites no evidence where Tipton or Hetrick state that, *in this case,* a smoke detector would have given Rose enough time to safely escape with her children. Moreover, Rose does not provide any other evidence that definitively establishes such a finding. Because Rose seeks summary judgment on a claim to which she bears the burden of proof, she was required to demonstrate that "the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Anderson*, 477 U.S. at 254. She has failed to meet this burden with respect to the proximate cause element of her claim. Therefore, her motion for summary judgment must be denied.

On the other hand, defendants argue that Rose cannot establish proximate cause and therefore they are entitled to summary judgment. Defendants point to Hetrick's opinion that it cannot be reliably concluded that properly placed, functioning smoke detectors would have enabled Rose to safely exit the apartment with her children. They argue that, in light of Hetrick's opinion, Rose cannot establish that the lack of working smoke detectors proximately caused the children's deaths and her injuries. (DE # 172 at 11-12; DE # 169 at 17-18; DE # 174 at 15.) Defendants argue that Rose has no evidence that could create a question of fact to the contrary, and because only a single conclusion could be drawn from the evidence, they are entitled to judgment as a matter of law. *See Ritchie v. Glidden Co.*, 242 F.3d 713, 725 (7th Cir. 2001) (under Indiana law, proximate cause is an issue for the factfinder "unless only one conclusion can be drawn from the

facts." (cleaned up)).

The court cannot agree with defendants that only a single inference or conclusion can be drawn from the evidence. True, Hetrick opined that it cannot be reliably concluded that Rose would have had time to escape with her children had there been working smoke detectors. However, a jury need not accept his ultimate conclusion. "The question of whether the expert's theory is correct given the circumstances of a particular case is a factual one left for the jury to determine." *Stuhlmacher v. Home Depot U.S.A., Inc.*, 774 F.3d 405, 409 (7th Cir. 2014). At the summary judgment phase, an expert's opinion on causation merely helps a plaintiff get to a fact finder; the expert does not serve as the fact finder. *Blasius*, 839 F.3d at 648. To proceed to trial, "a plaintiff need only produce evidence sufficient to *potentially* persuade *any* reasonable jury." *Id.* (emphasis in original).

In this case, a reasonable jury could review all of the evidence, including Hetrick's overlapping estimates of how long Rose would have needed to escape and how long she would have had to escape the different fire scenarios, and come to the conclusion that, but-for the lack of working smoke detectors, Rose could have safely exited the apartment with her children. Since there is more than one conclusion that may be drawn from the undisputed facts, defendants are not entitled to summary judgment on the issue of proximate cause. *See Ohrn v. JDPHD Inv. Grp., LLC*, No. 1:12-CV-00620-TWP, 2013 WL 6175165, at *10 (S.D. Ind. Nov. 25, 2013) (finding fact question existed as to whether fire alarm failure proximately caused decedent's death).

Rose's amended complaint alleges that the apartment had non-functioning electrical outlets, a water leak, problems with the range, and non-functioning locks. (DE # 42 at 5.) Defendants move for summary judgment on these claims. This aspect of defendants' motions for summary judgment is granted. Rose's briefing makes it plain that her allegations regarding the outlets, water leak, range, and locks are not the basis of her negligence claim against defendants. (*See* DE # 195 at 13.)

C.     *Comparative Fault*

All parties are in agreement that because Rose's claim sounds in negligence, Indiana's Comparative Fault Act applies and fault may be attributed to Rose. *See* Ind. Code § 34-51-2-1, 5. Defendants argue that, pursuant to Indiana Code § 22-11-18-3.5(d)(3), Rose was obligated to test the functionality of the smoke detector in her apartment. (DE # 169 at 18; DE # 172 at 12; DE # 174 at 16.) That section provides: "[a]ll smoke detectors must be . . . maintained and at least one (1) time every six (6) months tested by the occupant to ensure that the smoke detector is in operational condition." *Id.* Rose responds that defendants have failed to establish that she occupied the apartment for six months prior to the fire. (DE # 195 at 21.) Rose's lease began on May 1, 2016, and the fire occurred on November 21, 2016, six months and three weeks after the start of her lease. However, Rose argues that there is no evidence in the record establishing when in May she moved into the apartment. If Rose moved in after May 21, 2016, her obligation under the statute would not yet have accrued at the time of the fire.

The defense of comparative fault is an affirmative defense. *See Kimbrough v.*

*Anderson*, 55 N.E.3d 325, 336 (Ind. Ct. App. 2016). Therefore, because defendants seek

summary judgment on a claim to which they bear the burden of proof, defendants were

required to establish that the record is so one-sided as to rule out the prospect of a

finding in favor of Rose on the claim. *Anderson*, 477 U.S. at 254. They have not done that.

Defendants argue that possession and control of the apartment triggered the statute, not

occupancy. They cite no support for their position. The statute requires the "occupant"

to test the smoke detectors once every six months. Defendants have not established that

Rose occupied the apartment for six months prior to the fire. Accordingly, defendants'

motion for summary judgment on this affirmative defense is denied.

      D.    *Damages*

Defendants move for summary judgment on Rose's damages claim for

psychiatric and psychological counseling for the remainder of her life. (DE # 169 at 19;

DE # 172 at 14; DE # 174 at 16.) Defendants argue that Indiana Code § 34-23-2-1(g)

limits the period of time for which damages may be awarded for the wrongful death of

a child, and they seek summary judgment limiting this portion of Rose's damages claim

to the period of time prescribed by statute. In response, Rose states that she intends to

seek damages allowed by statute. (DE # 195 at 23.) Accordingly, defendants' motion

with regard to Rose's damages claim for psychiatric and psychological counseling

related to the deaths of her children is granted.

Defendants also move for summary judgment on Rose's claim for punitive

damages, on the basis that (1) punitive damages are not recoverable in a claim for the

wrongful death of a child, and (2) Rose cannot prove that defendants' conduct warrants the imposition of punitive damages. (DE # 169 at 20; DE # 172 at 16; DE # 174 at 17.) In response, Rose abandons her punitive damages claim. (DE # 195 at 23.) Accordingly, defendants' motion with regard to this claim is granted.

E.     *Requests to Strike Evidence*

The parties have made various requests for this court to strike evidence from the record. There is no need to strike the challenged evidence because the evidence was not considered in the resolution of the motions for summary judgment. Therefore, the requests to strike are denied as moot. For the same reason, Rose's motion for the court to not consider defendants' new arguments in their reply brief (DE # 216) is also denied as moot.

Finally, Rose states that she "maintains a continuing objection to the relevance and admissibility of Hetrick's opinions for purposes of summary judgment under Rule 702 and 403." (DE # 195 at 10.) This argument is undeveloped and is therefore considered waived for purposes of resolving the pending motions. An argument presented without citation to authority or any substantive development need not be considered by a court. *United States v. Collins,* 796 F.3d 829, 836 (7th Cir. 2015) (rejecting argument presented in single sentence without development or citations as a perfunctory and underdeveloped afterthought).

IV.     **CONCLUSION**

For the foregoing reasons, the court:

(1)     **DENIES** plaintiff's motion for partial summary judgment (DE # 176);

(2)     **GRANTS in part and DENIES in part** defendants' motions for summary judgment (DE ## 168, 171, 173), on the terms identified in this Opinion and Order;

(3)     **GRANTS** plaintiff's motion to strike defendant Birch Tree's cross motion for summary judgment (DE # 210);

(4)     **STRIKES** defendant Birch Tree's cross motion for summary judgment (DE # 190);

(5)     **GRANTS** plaintiff's motion for leave to file reply exhibit (DE # 211);

(6)     **DENIES as moot** plaintiff's motion for the court to not consider defendants' new arguments in their reply brief (DE # 216); and

(7)     **REFERS** this case to Magistrate Judge John E. Martin for settlement proceedings; should those proceedings be fruitless, a trial date and pretrial filing deadlines will be set under separate order.

**SO ORDERED.**

Date: August 25, 2022

     s/James T. Moody
    JUDGE JAMES T. MOODY
    UNITED STATES DISTRICT COURT